Nelle CLOYD, Plaintiff-Appellee,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellant.

No. 75–1522.

United States Court of Appeals, Sixth Circuit.

Oct. 30, 1975.

Order on Motion to Tax Costs Jan. 20, 1976.

George J. Long, U. S. Atty., Louisville, Ky., William Kanter, Mark N. Mutterperl, Appellate Section, Civil Div., Dept. of Justice, Washington, D. C., for defendant-appellant.

Robert G. Hunt, King, Deep & Branaman, Henderson, Ky., for plaintiff-appellee.

Before PECK, McCREE and MILLER, Circuit Judges.

### ORDER

This is an appeal by the Secretary of Health, Education and Welfare from the district court's order allowing an attorney fee of $1028.60 for claimant's attorney.

Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1) provides that: "Whenever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." In this case, claimant's gross accrued benefits amounted to $2,703.20, but the gross figure was reduced to $746.20 by application of a statutory formula set forth in 42 U.S.C. § 424a which directs the Secretary to reduce a claimant's benefits if the claimant receives workmen's compensation.

We agree with the Government that under Section 206(b)(1) the claimant was "entitled by reason of [the district court's] judgment" to past-due benefits in the net amount of $746.20. Appellee was never entitled under the provisions of the Social Security Act to the gross accrued award. *See Davis v. Secretary of Health, Education and Welfare,* 320 F.Supp. 1293, 1296 (N.D.Miss.1970) and Annot., Social Security Act—Attorney's Fee, 22 A.L.R.3d 1081 (1968). Accordingly, the attorney's fee in this case cannot exceed $186.55. Because it is clear that the district court intended to award the maximum allowable amount, instead of remanding for recomputation, we direct the district court to enter an award of $186.55 as the attorney's fee in this case.

The other issues presented being without merit, we reverse the judgment of the district court and direct the entry of judgment in favor of the Secretary.

### ORDER ON MOTION TO TAX COSTS

Upon consideration of the appellant's motion to tax costs, it is ordered that the motion be and it hereby is denied since a public question is involved.