**Martha M. BURNETT, Appellee,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Appellant.**

**No. 83–1992.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1984.

Decided March 4, 1985.

John B. Watson, Baltimore, Md., argued, Mark W. Webb, Fort Smith, Ark. and Larry K. Banks, Baltimore, Md., for appellant.

Anthony W. Bartels, Jonesboro, Ark., for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

The Secretary of the Department of Health and Human Services (the Secretary) appeals from a final judgment entered in the District Court for the Western District of Arkansas awarding attorney's fees, pursuant to 42 U.S.C. § 406(b)(1) (1982), plus interest, to the attorney who represented a Social Security claimant who was awarded Title II disability and Supplemental Security Income (SSI) benefits retroactively. *Burnett v. Heckler,* 563 F.Supp. 789 (W.D. Ark.1983). For reversal the Secretary argues that the district court erred in computing the amount of the attorney's fee and in awarding interest. For the reasons discussed below, we reverse the judgment of the district court.

The underlying facts are not in dispute. For a more detailed statement of the administrative and judicial history, see 563 F.Supp. at 790–91. This case involves neither the claimant's entitlement to disability benefits nor SSI benefits nor the amount of those benefits. Nor does it involve the application of the so-called SSI windfall offset, 42 U.S.C. § 1320a–6 (1982),[1] *amend-*

---

1. 42 U.S.C. § 1320a–6 (1982) provided:
   Notwithstanding any other provision of this chapter, in any case where an individual—
   (1) makes application for benefits under subchapter II of this chapter and is subse-
   quently determined to be entitled to those benefits, and
   (2) was an individual with respect to whom supplemental security income benefits were paid under subchapter XVI of this chapter

ed by § 2615(a) of the Deficit Reduction Act of 1984, 98 Stat. 1132 (to be codified at 42 U.S.C.A. § 1320a–6 (West Supp.1984)),[2] to reduce the *claimant's* past-due disability benefits. This case involves only the computation of attorney's fees.

■ Claimant Martha Burnett filed a claim for disability insurance benefits under Title II of the Social Security Act (the Act), 42 U.S.C. § 401 *et seq.*, on January 18, 1979. On December 17, 1980, she filed a claim for SSI benefits based on disability under Title XVI of the Act, *id.* § 1381 *et seq.*[3] The Secretary determined that Burnett was not disabled and denied these claims. In two separate appeals the district court remanded the case to the Secretary for further proceedings. On August 9, 1982, following additional vocational expert testimony, the Secretary determined that Burnett was in fact disabled and entitled to disability benefits beginning in September 1978 and to SSI benefits from December 1980 through March 1982.

(including State supplementary payments which were made under an agreement under section 1382e(a) of this title or an administrative agreement under section 212 of Public Law 93–66) for one or more months during the period beginning with the first month for which a benefit described in paragraph (1) is payable and ending with the month before the first month in which such benefit is paid pursuant to the application referred to in paragraph (1),

the benefits (described in paragraph (1)) which are otherwise retroactively payable to such individual for months in the period described in paragraph (2) shall be reduced by an amount equal to so much of such supplemental security income benefits (including State supplementary payments) described in paragraph (2) for such month or months as would not have been paid with respect to such individual or his eligible spouse if the individual had received the benefits under subchapter II of this chapter at the times they were regularly due during such period rather than retroactively; and from the amount of such reduction the Secretary shall reimburse the State on behalf of which supplementary payments were made for the amount (if any) by which such State's expenditures on account of such supplementary payments for the period involved exceeded the expenditures which the State would have made (for such period) if the individual had received the benefits under subchapter II of this chapter at the times they were regularly due during such period rather than retroactively. An amount equal to the portion of such reduction remaining after reimbursement of the State under the preceding sentence shall be covered into the general fund of the Treasury.

2. Section 2615(a) of the Deficit Reduction Act of 1984, 98 Stat. 1132 (to be codified at 42 U.S.C.A. § 1320a–6 (West Supp.1984)), provides:

(a) Notwithstanding any other provision of this Act, in any case where an individual—

(1) is entitled to benefits under subchapter II of this chapter that were not paid in the months in which they were regularly due; and

(2) is an individual or eligible spouse eligible for supplemental security income benefits for one or more months in which the benefits referred to in clause (1) were regularly due, then any benefits under subchapter II of this chapter that were regularly due in such month or months, or supplemental security income benefits for such month or months, which are due but have not been paid to such individual or eligible spouse shall be reduced by an amount equal to so much of the supplemental security income benefits, whether or not paid retroactively, as would not have been paid or would not be paid with respect to such individual or spouse if he had received such benefits under title II in the month or months in which they were regularly due.

(b) For purposes of this section, the term "supplemental security income benefits" means benefits paid or payable by the Secretary under title XVI, including State supplementary payments under an agreement pursuant to section 1616(a) or an administration agreement under section 212(b) of Public Law 93–66.

(c) From the amount of the reduction made under subsection (a), the Secretary shall reimburse the State on behalf of which supplementary payments were made for the amount (if any) by which such State's expenditures on account of such supplementary payments for the month or months involved exceeded the expenditures which the State would have made (for such month or months) if the individual had received the benefits under title II at the times they were regularly due. An amount equal to the portion of such reduction remaining after reimbursement of the State under the preceding sentence shall be covered into the general fund of the Treasury.

3. Eligibility for SSI benefits is determined on the basis of need and either age, blindness or disability and provides a minimum level of benefits. *See Schweiker v. Hogan*, 457 U.S. 569, 582, 102 S.Ct. 2597, 2606, 73 L.Ed.2d 227 (1982) (brief discussion of historical development of SSI program).

The Secretary determined that Burnett was entitled to gross retroactive disability benefits in the amount of $8,079.10. Pursuant to the SSI windfall offset, *id.* § 1320a–6, the Secretary then reduced the $8,079.10 by $2,426.29, the amount of retroactive SSI benefits Burnett would not have received if she had received the disability benefits when they were due instead of retroactively. Thus, after application of the SSI windfall offset, Burnett was entitled to $5,652.81 in retroactive disability benefits. Pursuant to the attorney's fee award provision, *id.* § 406, the Secretary withheld 25% of this reduced amount to cover an award of attorney's fees and paid the balance of $4,239.60 to Burnett.

■ A court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1) where the claimant receives a favorable administrative decision following a remand of the case to the Secretary for further consideration. *See, e.g., Fenix v. Finch,* 436 F.2d 831, 834–35 (8th Cir.1971), *citing Ray v. Gardner,* 387 F.2d 162, 165 (4th Cir.1967). In his motion for an award of attorney's fees before the district court, the attorney argued that, pursuant to § 406(b)(1), he was entitled to a reasonable attorney's fee of up to 25% of "the total of the past-due benefits" and that the attorney's fee should be computed as a percentage of the gross retroactive disability benefits due the claimant, unreduced by the application of the SSI windfall offset. The district court agreed and held that

> in cases where Title II [disability] and Title XVI [SSI] benefits are concurrently adjudicated and computed for retroactive periods, the [Secretary] is obligated to compute and pay Title II disability insurance benefits before computation and payment of Title XVI SSI benefits.... [and] that, for purposes of computing the [claimant's] attorney's fee only, the [Secretary] has improperly deducted $2,426.29 from past-due benefits as an SSI offset. The total past-due benefits on which an attorney's fee award should be based is $8,079.10.... [and] the claimant's attorney is entitled to a reasonable

attorney's fee in the amount of 25 per cent. of these past-due benefits or $2,019.75.

563 F.Supp. at 793. Relying upon the statutory language in § 1320a–6, the district court determined that Congress intended the SSI windfall offset to apply only when SSI benefits had actually been received during the period for which retroactive disability benefits were due: " 'Section [1320a–6] speaks of cases in which a claimant for Title II benefits is *subsequently* determined to be entitled to those benefits and *"was"* an individual to whom [SSI] benefits *"were paid"* for one or more months *"during"* the retroactive period.' " *Id.* at 792 (citation omitted, emphasis in original), *citing* unidentified administrative decision *reported in* 5 Soc. Security F. 1, 8–9 (1983).

The district court also noted that because application of the SSI windfall offset reduced the amount of "past-due" disability benefits from which the Secretary withholds 25% for direct payment of attorney's fees or from which the court may award up to 25% for attorney's fees, the SSI windfall offset operated as a disincentive to lawyers to represent disability claimants, a result which was contrary to Congressional intent. 563 F.Supp. at 792–93; *see Dawson v. Finch,* 425 F.2d 1192, 1195 (5th Cir.), *cert. denied,* 400 U.S. 830, 91 S.Ct. 60, 27 L.Ed.2d 60 (1970). This appeal followed.

■ As a preliminary matter, we note that the Secretary is entitled to participate in attorney's fee matters to protect the claimant's interest. *See, e.g., MacDonald v. Weinberger,* 512 F.2d 144, 146–47 (9th Cir.1975). "In view of the humanitarian policy of the Social Security program to benefit the disabled, ... the Secretary 'retains an interest in the fair distribution of monies withheld for attorney's fees.' " *Lewis v. Secretary of HHS,* 707 F.2d 246, 248 (6th Cir.1983), *citing Moore v. Califano,* 471 F.Supp. 146, 149 (S.D.W.Va.1979), *appeal dismissed mem.,* 622 F.2d 585 (4th Cir.1980).

The Secretary argues that the district court's computation of the amount of past-

due benefits is inconsistent with § 406(b)(1) and the regulations defining the term "past-due benefits," improperly requires payment by the Secretary of an attorney's fee award "in addition to" the amount of past-due benefits, and erroneously applies the SSI windfall offset.

The Secretary first argues that the district court's award is inconsistent with § 406(b)(1) and the regulations defining the term "past-due benefits." Title 42 U.S.C. § 406(b)(1) (emphasis added) provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter [referring to Subchapter II] who was represented before the court by an attorney, the court may determine and award as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the *total of the past-due benefits* to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The Secretary has defined "past-due benefits" by regulation as "the *total amount of benefits payable under Title II* of the Act to all beneficiaries that has accumulated because of a favorable administrative or judicial determination or decision, up to but not including the month the determination or decision is made." 20 C.F.R. § 404.1703 (1984) (emphasis added). Thus, the Secretary argues that any adjustments required by the Act which affect the amount of benefits the claimant is entitled to receive, including the reduction required by the SSI windfall offset, must be made in order to determine the "total amount of benefits payable" to a disability claimant. For this reason, the Secretary argues that "past-due benefits" in § 406(b)(1) refers to the "net" amount of disability benefits payable to the claimant.

Where Congress has entrusted the Secretary with the responsibility for implementing a statutory provision by regulation, the Secretary has the primary responsibility for interpreting statutory terms. *See, e.g., Batterton v. Francis,* 432 U.S. 416, 425–26, 97 S.Ct. 2399, 2405–06, 53 L.Ed.2d 448 (1977). "[O]ur review is limited to determining whether the regulations promulgated exceeded the Secretary's statutory authority and whether they are arbitrary and capricious." *Heckler v. Campbell,* 461 U.S. 458, 466, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66 (1983). Judicial deference to administrative interpretation is particularly appropriate in cases involving disputed terms in the Social Security Act. *See, e.g., Burkhalter v. Schweiker,* 711 F.2d 841, 844 (8th Cir.1983). Here, Congress has authorized the Secretary to pay authorized attorney's fees out of past-due benefits directly to attorneys who represent disability claimants and has entrusted implementation of the provision by rule or regulation to the Secretary. 42 U.S.C. § 406(a) (administrative award), (b) (judicial award). We cannot conclude that the Secretary's interpretation of "past-due benefits" as the total amount of benefits payable to the claimant, that is, the "net" amount of disability benefits, is arbitrary and capricious or exceeds the Secretary's statutory authority.

First, computation of attorney's fees on the basis of the net amount of benefits is consistent with the Congressional goal of insuring that disability benefits are not consumed by attorney's fees. *Cf. Dawson v. Finch,* 425 F.2d at 1195 (§ 406(b) intended to insure that disability benefits would not be diminished by deduction of attorney's fee of one-third or one-half of benefits received). Under the Act, the claimant is not entitled to payment of the "gross" amount of retroactive disability benefits. The Secretary when required by the Act must reduce the "gross" amount. The reduction can dramatically affect the amount of benefits payable to the claimant. For example, 42 U.S.C. § 424a requires the Secretary to reduce a claimant's disability ben-

efits if the claimant receives worker's compensation. *See also* 20 C.F.R. § 404.408 (1984). In *Cloyd v. Weinberger*, 527 F.2d 1167 (6th Cir.1976) (order), the claimant's gross amount of benefits was $2,703.20, but, after reduction for worker's compensation, the net amount was $746.20. The district court's award of an attorney's fee of $1,028.60 was *greater* than the claimant's past-due benefits. The court in the *Cloyd* case reversed the district court award and held that the maximum attorney's fee allowable under § 406(b)(1) was $186.55 or 25% of the reduced or net amount of benefits. *Id.* at 1168. Thus, as noted in *Davis v. Secretary of HEW*, 320 F.Supp. 1293, 1296 (N.D.Miss.1970) (worker's compensation), recovery of attorney's fees based on the gross award would "in many cases [cause] a substantial portion of the actual recovery [to] be consumed in counsel fees and the actual 'benefit' to [the] claimant reduced to a merely minimal sum."

Here, the reduction required by the Act is the SSI windfall offset. 42 U.S.C. § 1320a–6; 20 C.F.R. § 404.408b (1984). We believe the Secretary's decision to handle the reduction required by the SSI windfall offset in the same way as the worker's compensation reduction is reasonable. We recognize that computation of attorney's fees on the basis of the net amount of disability benefits will necessarily "reduce the amount of withheld Title II benefits available for the payment of attorney's fees" and to that extent is a financial disincentive to attorneys to represent disability applicants. 563 F.Supp. at 792. The Secretary's approach, however, does produce a public benefit because it preserves a greater portion of the benefits for the claimant. After reduction by the SSI windfall offset, Burnett was entitled to benefits of $5,652.81. As discussed below, § 406(b)(1) limits direct payment of the attorney's fee "out of, and not in addition to, the amount of such past-due benefits." An attorney's fee award of $2,019.75 (or 25% of $8,079.10) would leave Burnett with the balance of $3,633.06. By comparison, under the Secretary's approach, an attorney's fee award

of $1,413.20 (or 25% of $5,652.81) would leave Burnett with $4,239.60, or about $606 more in benefits.

Moreover, the statutory language and legislative history suggest that Congress sought to "encourage effective legal representation of claimants by insuring lawyers that they will receive reasonable fees directly through certification by the Secretary." *Dawson v. Finch*, 425 F.2d at 1196; *see also* Hearings on H.R. 6675 Before the Senate Committee on Finance, 89th Cong., 1st Sess. 512–13 (1965) (attorney complaints that claimants sometimes receive awards without the attorney's knowledge and do not notify the attorney and do not pay the attorney's fee). Section 406(a) and (b) reflect a compromise—the Secretary must withhold and pay a reasonable attorney's fee directly to the attorney out of the claimant's past-due benefits, thus guaranteeing payment to the attorney and avoiding collection problems, but the amount of the attorney's fee that must be withheld and directly paid to the attorney is limited to a maximum of 25% of the past-due benefits. Thus, it is primarily the direct payment feature which provides the attorney with the financial incentive to represent disability claimants and compensates in part for limitation of fees to a maximum of 25% of the past-due benefits in court awards. Under the Secretary's approach, only the amount subject to withholding and direct payment is affected, not the direct payment feature.

The question whether the amount of past-due benefits subject to withholding must be reduced by the SSI windfall offset was specifically addressed in the preamble to the final regulations implementing the SSI windfall offset provision. Reduction of Retroactive Social Security Benefits, 47 Fed.Reg. 4985, 4986 (1982) (hereinafter Preamble) (codified at 20 C.F.R. §§ 404.-408b, 416.1123). The question about withholding is identical to the issue in the present case: whether the amount of past-due benefits out of which the court may award attorney's fees must be reduced by the SSI windfall offset. The questions are

identical because although the Secretary may *authorize* an attorney's fee *in excess* of 25% of the past-due benefits for services rendered in connection with administrative proceedings, the most the Secretary may *withhold* and certify for direct payment to the attorney is 25% of the past-due benefits. *See* 42 U.S.C. § 406(a) (Secretary to prescribe maximum fees which may be charged for services performed in connection with any claim before the Secretary and shall certify for payment maximum of 25% of past-due benefits); 20 C.F.R. § 404.-1725(b)(2) (administrative authorization of attorney's fee does not depend on amount of benefit alone; Secretary may authorize a fee even if no benefits are payable), .1730(b)(1) (maximum direct payment of 25% of past-due benefits); *see generally* 3 National Organization of Social Security Claimant's Representatives, Social Security Practice Guide § 27.01, at 27–2 (1984) (distinguishing authorization from withholding and payment). *But see Morris v. Social Security Administration*, 689 F.2d 495, 497 (4th Cir.1982) (holding that § 406(a) limits the amount of attorney's fees which may be awarded by the Secretary for administrative representation to 25% of past-due benefits). Similarly, the maximum attorney's fee that a *court* can award (and which the Secretary can withhold and certify for direct payment) is 25% of the past-due benefits. *See* 42 U.S.C. § 406(b)(1); 20 C.F.R. § 404.1728(b) (authorization), .1730 (a) (payment).

■ Several commenters had assumed that the Secretary would withhold the amount of an attorney's fee from retroactive disability benefits *before* the reduction required by the SSI windfall offset. The Secretary's response clearly rejected that position:

> As for attorney's fees, the amount of retroactive benefits that is subject to withholding for payment of an attorney's fee is the total amount of retroactive Social Security benefits *payable* to the beneficiary (see [20 C.F.R.] § 404.1703). The amount payable is the amount of retroactive benefits less the amount of

any deductions, reductions, or overpayments applicable to the retroactive period. Thus, the amount of retroactive benefits *payable* for purposes of withholding an attorney's fee is the amount of retroactive Social Security benefits reduced by the amount of any SSI payments received in the retroactive period.

Preamble, 47 Fed.Reg. at 4986 (emphasis in original). Thus, the amount of retroactive benefits payable for purposes of a court award of attorney's fees pursuant to § 404(b)(1) is the amount of retroactive disability benefits reduced by the SSI windfall offset or the net amount of disability benefits.

■ The Secretary also argues that the district court's award violates the provision in § 406(b)(1) which authorizes the Secretary to "certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." We agree. As discussed above, the "amount of such past-due benefits" in the present case is $5,652.81. The Secretary withheld 25% of this amount or $1,413.20 for payment of attorney's fees and paid the balance to the claimant. The district court's attorney's fee award of $2,019.75 exceeds the amount withheld by $606.55. The district court could not require the Secretary to pay the attorney $2,019.75 as an attorney's fee award made pursuant to § 406(b)(1) because $606.55 of that award represented an amount "in addition to" the amount of past-due benefits. *Cf. Ocasio v. Schweiker*, 540 F.Supp. 1320 (S.D.N.Y.1982) (availability of attorney's fees against the federal government under Equal Access to Justice Act not limited by § 406(b)).

The Secretary also argues that the district court erroneously applied the SSI windfall offset. The Secretary specifically argues that the district court erred in holding that in cases involving concurrent applications for retroactive disability benefits and SSI benefits, the Secretary must compute and pay the disability benefits *before* computation and payment of the SSI benefits. Because the present case involves

only computation of attorney's fees and does not involve application of the SSI windfall offset to reduce the amount of the claimant's retroactive disability benefits, we do not reach this issue. However, some analysis of the SSI windfall offset was necessary to resolve the attorney's fee issue and we believe that the Secretary's argument is correct. *See Gallo v. Heckler,* 600 F.Supp. 1513, 1518–1519 (E.D.N.Y. 1985). The analysis is set forth in the margin.[4]

■ The Secretary also argues that the district court erred in awarding interest on the award of attorney's fees. We agree. Section 406(b) does not contain any provision for an award of interest. The Secretary's role under § 406(b) is limited to withholding a maximum of 25% of the past-due benefits and certifying the court's attorney's fee award for direct payment to the attorney. The Secretary is only a stakeholder in such proceedings. In any event, to the extent the district court's award could be characterized as one against the Secretary for payment of attorney's fees, there is no provision in § 406(b) for an award of interest. "[I]nterest on claims against the United States cannot be recovered in the absence of an express provision to the contrary in the relevant statute...." *United States v. Alcea Band of Tillamooks,* 341 U.S. 48, 49, 71 S.Ct. 552, 95 L.Ed. 738 (1951) (per curiam).

Accordingly, the judgment of the district court awarding attorney's fees in the amount of $2,019.75, plus interest, is reversed. Because it is clear that the district

---

**4.** As noted by the district court, the SSI windfall offset provision requires the Secretary to reduce a claimant's retroactive disability benefits if the claimant received SSI payments for at least one month of the retroactive period; the amount of the reduction of disability benefits is the amount of SSI payments that would not have been paid if the claimant had received the disability benefits when they were due instead of retroactively. *Burnett v. Heckler,* 563 F.Supp. 789, 792 (W.D.Ark.1983); 42 U.S.C. § 1320a–6 (1982), *amended by* § 2615(a) of the Deficit Reduction Act of 1984, 98 Stat. 1132 (to be codified at 42 U.S.C.A. § 1320a–6) (West Supp.1984); *see* H.R. Conference Rep. No. 861, 98th Cong., 2d Sess. 1391, *reprinted in* 1984–6B U.S.Code Cong. & Ad.News 751, 1385; H.R. Conference Rep. No. 944, 96th Cong., 2d Sess. 69, *reprinted in* 1980 U.S.Code Cong. & Ad.News 1277, 1416; S.Rep. No. 408, 96th Cong., 2d Sess. 78, *reprinted in* 1980 U.S.Code Cong. & Ad.News 1277, 1356; *see generally* 3 National Organization of Social Security Claimant's Representatives, Social Security Practice Guide § 25.33 (1984). Because eligibility for SSI depends upon financial need in addition to age, blindness, or disability, the amount of monthly SSI payments is inversely proportional to the claimant's income and resources for that particular month. 42 U.S.C. § 1382(c)(1) (1982); 20 C.F.R. § 416.200 (SSI eligibility determined on quarterly basis), .1123(a) (1984). Unearned income like disability benefits is considered "income" for SSI purposes, 20 C.F.R. § 416.1121(a), but cannot be counted until actually received, *id.* § 416.-1123(a). Thus, an SSI applicant who already receives disability benefits receives a smaller SSI payment than an SSI applicant who does not receive disability benefits. However, before the passage of the SSI windfall offset provision, an SSI applicant who applied for retroactive disability benefits or an individual who applied at roughly the same time or concurrently for both disability and SSI benefits could have received full SSI payments and disability benefits because the Secretary could not reduce the amount of SSI payments to reflect the payment of disability benefits until the claimant actually received the disability benefits. In addition, even if the retroactive disability benefits were paid before SSI, the disability benefits would only be counted as income for SSI purposes during the month they were received and not for any other months in the retroactive period. *Id.* § 416.1123. Thus, an individual could have received SSI benefits that would not have been paid if the individual had received the disability benefits during the months they were due rather than retroactively. That "overpayment" of SSI benefits is the SSI "windfall." The SSI windfall offset prevents this overpayment of SSI benefits by requiring the Secretary to reduce the retroactive disability benefits accordingly.

The Secretary's practice of awarding SSI benefits before disability benefits ensures that such claimants will receive the same amount of total benefits as those claimants who are receiving SSI at the time they applied for disability benefits. The district court's direction that the Secretary compute and pay disability benefits before computation and payment of SSI benefits precludes application of the SSI windfall offset. The amended version of the SSI windfall offset provision, effective Feb. 1, 1985, *see* note 2 *supra,* which was of course not available to the district court at the time of its decision, sets forth the prerequisites for its application in language that is arguably less misleading than the former version, *see* note 1 *supra.* *See Gallo v. Heckler,* 600 F.Supp. 1513 (E.D.N.Y.1985).

court intended to award the maximum allowable amount, we direct the district court to enter an award of $1,413.20 as the attorney's fees in the present case.