**Jacqueline McKENZIE, by her guardian ad litem, Linda GALLANT, on behalf of herself and others similarly situated, Plaintiffs,**

v.

**Margaret M. HECKLER, Secretary of the Department of Health and Human Services, Defendant.**

Civ. No. 4–84–182.

United States District Court,
D. Minnesota,
Fourth Division.

March 29, 1985.

---

Laurie N. Davison, Legal Aid Society, Minneapolis, Minn., for plaintiffs.

Mac Davis, Dept. of Health and Human Services, Baltimore, Md., and Paul Day, Asst. U.S. Atty., Minneapolis, Minn., for defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff Jacqueline McKenzie, and the class she represents, seek a supplemental order requiring the Secretary of the Department of Health and Human Services (the Secretary) to issue instructions to local Social Security offices to implement this court's Memorandum Opinion and Order dated February 7, 1985. 602 F.Supp. 1150.[1] The Secretary responded by filing a motion for a stay and for reconsideration of the court's February order, pursuant to Fed.R.

Civ.P. 60(b). These matters are now before the court.

The Secretary argues that she is entitled to relief under Fed.R.Civ.P. 60(b) because of a recently issued decision of the Eighth Circuit Court of Appeals, *Burnett v. Heckler*, 756 F.2d 621 (8th Cir.1985). She concedes that the Court of Appeals was not specifically considering the application of the SSI windfall offset, 42 U.S.C. § 1320a–6 (1982), *amended by* § 2615(a) of the Deficit Reduction Act of 1984, 98 Stat. 1132 (to be codified at 42 U.S.C.A. § 1320a–6 (West Supp.1982)), to reduce the amount of a claimant's RSDI benefits. She notes, however, that the Court of Appeals was forced to analyze the SSI offset provision to decide the attorney's fees issue in *Burnett*. The Secretary states that the Court of Appeals disagreed with the *Burnett* trial court's position that the offset does not apply to concurrent cases where SSI benefits are paid retroactively prior to RSDI benefits merely because they were calculated first. She believes that this court relied on the *Burnett* trial court and should stay the judgment until it reconsiders its previous decision.

Plaintiffs argue, on the other hand, that the recent *Burnett* decision is extremely narrow and does not support reconsideration of this court's judgment. Moreover, they contend that a stay is inappropriate since the Secretary has demonstrated no irreparable harm and a 60(b) motion does not affect the finality of a judgment.

The issue before the Court of Appeals in *Burnett* was limited to the correct method of calculating attorney's fees which could be withheld from retroactive RSDI benefits. The court stated several times that

---

**1.** The Memorandum Opinion and Order of February 7, 1985 certified a class of Minnesota residents whose applications for Supplementary Security Income (SSI) and Disability Benefits (RSDI) have been or will be adjudicated concurrently, and whose retroactive SSI benefits will be paid to the local welfare agency pursuant to an interim assistance agreement. The court held that the Secretary's policy of postponing the calculation and payment of retroactive RSDI until after retroactive SSI benefits have been calculated violates the Social Security Act and

the Administrative Procedure Act (APA). Accordingly, the court enjoined the Secretary from calculating and paying retroactive SSI benefits prior to calculating and paying retroactive RSDI benefits to any class member. The court also enjoined the Secretary from deducting the SSI benefits to McKenzie paid to Hennepin County from her retroactive RSDI award.

Further review of the facts can be found in the Memorandum Opinion and Order of February 7, 1985.

the application of the SSI offset provision was not at issue. *Burnett v. Heckler*, 756 F.2d 621, 622–623 and 621 (8th Cir.1985). In footnote 4 of the opinion, however, the panel opinion analyzed the former version of the SSI offset provision and indicated that it should apply to concurrent cases where retroactive SSI benefits are calculated and paid before retroactive RSDI benefits.

The plaintiffs argue that this analysis is dictum. They note that the plaintiff in *Burnett* had explicitly conceded that application of the previous version of the offset provision to reduce her RSDI benefits by the amount of her retroactive SSI benefits was proper.[2]

■ This court obviously regards the panel's analysis in footnote 4 with respect and looks to it for guidance. Nonetheless, it does not appear that *Burnett* should change the ultimate result in this case. The analysis in footnote 4 focuses only on the former version of the offset provision, 42 U.S.C. § 1320a–6 (1982). This version did not govern the claims of any class member except Jacqueline McKenzie. Payments to all other class members are determined by the amendment to the offset provision contained in Section 2615(a) of the Deficit Reduction Act of 1984. That amendment specifically eliminates the windfall caused by the calculation of retro-active SSI benefits as if no retroactive RSDI benefits had already been awarded.

The Secretary has previously argued that even using the amended offset provision, another windfall is created if she is forced to calculate and pay retroactive RSDI benefits before retroactive SSI benefits. She contends that such a policy would limit the SSI benefits which could be sent to reimburse the state for any interim assistance a claimant may have received. The *Burnett* court had no occasion to address the Secretary's argument about this type of alleged double dipping. *But see Gallo v. Heckler*, 600 F.Supp. 1513 (E.D.N.Y.1985).

The Secretary's attempt to characterize a claimant's retention of retroactive RSDI benefits calculated and paid prior to retroactive SSI benefits as a windfall is unconvincing. Her argument ignores the clear intent of Congress, as evidenced in 42 U.S.C. § 407, to protect retroactive awards of RSDI benefits from claims by state welfare agencies for interim welfare assistance.[3] The Secretary's policy arbitrarily transforms a claimant's retroactive RSDI benefits, benefits which are not based on need but on the contribution of the claimant, into retroactive SSI benefits which can be paid to the state. Such a policy causes real harm to the claimants.[4]

The parties were not arguing in *Burnett* that the Secretary's policy of calculating benefits causes a reduction in a claimant's retroactive RSDI benefits in direct conflict with 42 U.S.C. § 407. The panel did not have to reconcile the Secretary's policy with § 407. The Court of Appeals has recently stressed that two statutes should be interpreted to give effect to each. *Owens v. Heckler*, 753 F.2d 675 (8th Cir.1985)

---

**2.** Section I.B. of the Brief for Appellee in *Burnett v. Heckler*, 756 F.2d 621 (8th Cir.1985), was headed as follows:

> *The District Court's Application of Section 1127 Is Proper to Reduce the Claimant's Benefits But Not to Reduce the Base Upon Which An Attorney Fee Is Computed.*

**3.** While Congress has created an exception to 42 U.S.C. § 407 authorizing the Secretary to pay retroactive SSI benefits to county welfare agencies for reimbursement of interim assistance, it made no such exception for retroactive RSDI benefits.

**4.** It must be recognized that these class members are, by definition, totally disabled and destitute. They have all worked and contributed to the Social Security System for years, believing that it would assist them if they were to become disabled. Upon applying for Social Security benefits, however, they have been mistakenly denied. Many of these class members have had to appeal as many as three times and submit to various physical examinations before receiving a favorable decision. The struggle to obtain their rightful benefits may take years. In the meantime, these class members have been forced to seek welfare. Under these circumstances, retention of their retroactive RSDI benefits is not a windfall, but serves as compensation for the suffering caused by the wrongful denial of benefits.

(Secretary's regulations regarding the treatment of student's Social Security benefits in AFDC program conflicts with the purpose of the Social Security program.) This court has attempted to give effect to the amended version of the SSI offset, as well as to the protections of 42 U.S.C. § 407.

 Even if this court is wrong in its determination that the Secretary's policy violates the Social Security Act, plaintiffs are entitled to the relief granted in the February 7, 1985 order because the Secretary violated the Administrative Procedure Act (APA) and the Freedom of Information Act (FOIA). The challenged provisions of the Program Operations Manual System (POMS), §§ GN02610.005 and GN02610.045, should have been promulgated as a rule with advance notice and an opportunity for the public to comment. The Secretary may not delay the calculation and payment of retroactive RSDI benefits to these class members since she has not followed the proper rulemaking procedure.[5]

For all of the above reasons, the court finds that the *Burnett* decision does not entitle the Secretary to relief under Fed.R. Civ.P. 60(b). No other basis for relief under the rule has been advanced.

█ Nor has the Secretary shown that a stay is appropriate. A motion under Fed. R.Civ.P. 60(b) does not justify a stay. Moreover, the Secretary has not demonstrated that she would suffer irreparable harm from implementing the court's decision.

█ The Secretary has informed the court that she has completed the instructions necessary to process payment to the McKenzie class. Those instructions should be sent immediately to the appropriate local offices to effect the Memorandum Opinion and Order dated February 7, 1985.

---

**5.** Because of these violations of the APA and the FOIA, plaintiff Jacqueline McKenzie is also enti-

### ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that

1. Defendant's motion for a stay and for relief from judgment under Fed.R. Civ.P. 60(b) is denied.

2. Plaintiffs' motion for a supplemental order is granted and the Secretary shall issue instructions to appropriate offices and employees to implement the Memorandum Opinion and Order dated February 7, 1985 within three working days of the date of this order. These instructions shall assure the prompt processing of the retroactive RSDI benefits of class members.

tled to the relief previously granted.