**Cordelia M. KOVAR, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. C82–3374.**

United States District Court, N.D. Ohio, E.D.

Nov. 27, 1985.

Anthony F. de la Pena, Cleveland, Ohio, for plaintiff.

Carolyn Watts Allen, Asst. U.S. Atty., Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before the Court is the motion of the Secretary of Health and Human Services ("Secretary") for relief from its judgment awarding attorneys' fees in the amount of $4,060.00 to Cordelia M. Kovar's representative, Anthony de la Pena. The Secretary argues that the amount of fees ordered by the Court exceeds the payment permitted by § 206 of the Social Security

Act, 42 U.S.C. § 406(b) (1982) ("§ 406(b)"). For the reasons set forth below, the Secretary's motion is denied.

### I.

Kovar filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401–433 (1982) ("disability benefits" or "Title II benefits"), and for Supplemental Security Income benefits predicated on disability under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383 (1982) ("SSI benefits" or "Title XVI benefits"), on March 6, 1980. After the initial denial of benefits, Kovar fought her way through the administrative labyrinth of appellate procedures, until this Court granted her motion for summary judgment and ordered the Secretary to grant benefits, on April 16, 1984. While her appeal was pursued, Kovar and her dependent adult son subsisted on welfare benefits provided by Cuyahoga County.

On August 24, 1984, Kovar's counsel, Anthony de la Pena, filed a motion requesting attorneys' fees pursuant to 42 U.S.C. § 406(b)(1) (1982)[1], for the successful litigation of his client's claim. Following the Court's denial of the motion pending resubmission of the petition with required documentation, de la Pena filed a new motion for attorneys' fees on May 1, 1985. On May 13, the Court granted the motion for a fee award of $4,060.00. The Secretary did not file a response to either fee petition, nor did she appeal the Court's award.

In compliance with the Court's order to award benefits based on Kovar's disability, the Secretary computed past-due benefits pursuant to both Title II and Title XVI. She determined that Kovar was entitled to SSI benefits of $14,928.60 for the period of March 1980 through November 1984, and

---

1. Title 42 U.S.C. § 406(b)(1) (1982) provides in pertinent part:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

that the sum was sent to the Cuyahoga County Department of Welfare to reimburse the department for welfare benefits previously paid to Kovar.[2] The Secretary did not withhold any amount of the SSI benefits for attorneys' fees. The Secretary then determined that Title II disability benefits of $11,033.70 had accrued during Kovar's appeal, but she reduced that amount by $10,106.07—the amount which would have been deducted from Kovar's SSI benefits if the disability benefits had been paid simultaneously each month.[3] Of the remaining $927.63, the Secretary withheld $231.90, or twenty-five percent, for attorneys' fees pursuant to § 406(b)(1). The Secretary also concluded that Kovar's dependents were entitled to $5,114.00 in past-due benefits, and she withheld $1,278.50 for attorneys' fees. Thus, a total of $1,510.40 was withheld by the Secretary for de la Pena's fee.

On September 30, 1985, the Secretary filed her motion for relief from judgment, unaccompanied by brief, which states in full:

> Now comes the defendant, the Secretary of Health and Human Services, and moves this Honorable Court to relieve her from its judgment dated May 18, 1985. The Court's order of that date awarded attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $4,060.00.
>
> Only $1,510.40 has been withheld from the retroactive benefits owed to plaintiff. See attached Past Due Benefits State-

ments. The Secretary may not authorize payment of attorney fees in excess of the amount withheld. 42 U.S.C. § 406(b).

> Therefore, the Secretary requests that the May 18, 1985 order be modified to award $1,510.40.

This Court, therefore, must consider whether it erred in its attorneys' fee award to de la Pena.

## II.

Since § 406(b)(1) provides that a district court can award attorneys' fees not in excess of twenty-five percent of past-due benefits and that the Secretary can certify a fee out of past-due benefits, the Secretary's motion must be resolved by determining the meaning of "past-due benefits." Although the regulations promulgated by the Secretary purport to define this term for the purposes of fee awards,[4] this definition does not clarify the ambiguity created when retroactive awards of Title II and Title XVI benefits are made concurrently.

Section 1127 of the Social Security Act, 42 U.S.C. § 1320a–6 (1982) ("§ 1127"), requires that SSI disability benefits be adjusted when Title II disability benefits are retroactively awarded. It provides in pertinent part:

> Notwithstanding any other provision of this Act, in any case where an individual—
>
>> (1) makes application for benefits under ... [Title II] and is subsequently determined to be entitled to those benefits, and

**2.** The letter informing Kovar of this transaction reported that "[y]ou agreed in writing to have this payment sent there to pay back the money you received from Cuyahoga County Welfare Department while we completed the work on your application for Supplemental Security Benefits." This transfer is permitted by 42 U.S.C. § 1383(g)(1) (1982), which provides:

> Notwithstanding subsection (d)(1) of this section and subsection (b) of this section as it relates to the payment of less than the correct amount of benefits, the Secretary may, upon written authorization by an individual, withhold benefits due with respect to that individual *and may pay to a State (or political subdivision thereof if agreed to by the Secretary and the State) from the benefits withheld an

amount sufficient to reimburse the State (or political subdivision) for interim assistance furnished on behalf of the individual by the* State (or political subdivision).

**3.** This adjustment is permitted by 42 U.S.C. § 1320a–6 (1982). *See infra* at 969–70.

**4.** Title 20 C.F.R. § 404.1703 (1985) provides in pertinent part:

> "Past-due benefits" means the total amount of benefits payable under title II of the Act to all beneficiaries that has accumulated because of a favorable administrative or judicial determination or decision, up to but not including the month the determination or decision is made.

(2) was an individual with respect to whom supplemental security income benefits were paid under ... [Title XVI] (including State supplementary payments which were made under an agreement pursuant to section 212 of Public law 93–66) for one or more months during the period beginning with the first month for which a benefit described in paragraph (1) is payable and ending with the month before the first month in which such benefit is paid pursuant to the application referred to in paragraph (1),

the benefits (described in paragraph (1)) which are otherwise retroactively payable to such individual for months in the period described in paragraph (2) shall be reduced by an amount equal to so much of such supplemental security income benefits (including State supplementary payments) described in paragraph (2) for such month or months as would not have been paid with respect to such individual or his eligible spouse if the individual had received the benefits under ... [title II] at the times they were regularly due during such period rather than retroactively; and from the amount of such reduction the Secretary shall reimburse the State on behalf of which such supplementary payments were made for the amount (if any) by which such State's expenditures on account of such supplementary payments for the period involved exceeded the expenditures which the State would have made (for such period) if the individual had received the benefits under title II at the times they were regularly due during such period rather than retroactively. An amount equal to the portion of such reduction remaining after reimbursement of the State under the preceding sentence shall be covered into the general fund of the Treasury.

5. In 1984, § 1127 was amended by § 2615 of the Deficit Reduction Act, Pub.L. No. 98–369, *to be codified at* 42 U.S.C. § 1320a–6. However, the amendment is applicable to retroactive benefits paid after February 1, 1985. *See* Pub.L. No.

This provision was enacted to prevent a windfall to claimants entitled to both Title II and Title XVI benefits, who might receive a retroactive award of disability benefits after full SSI benefits had already been paid. S.Rep. No. 408, 96th Cong., 2d Sess. 78, *reprinted in* 1980 *U.S.Code Cong. & Ad.News*, 1277, 1356.[5]

Several federal district courts have addressed the issue of how attorneys' fees sanctioned by § 406(b) should be calculated when retroactive benefits under Titles II and XVI are awarded concurrently. The Secretary has repeatedly asserted the position that "past-due benefits" constitute the sum that a claimant will receive as a retroactive award after offsets, such as that required by § 1127. Thus, the Secretary argues that § 406(b) entitles a successful attorney to twenty-five percent of the disability benefits remaining after a full retroactive award of SSI benefits is made, followed by a reduced award of disability benefits pursuant to § 1127.

This approach has been unanimously rejected by the district courts, including the only court within the Sixth Circuit to rule on this issue. In *Carlisi v. Secretary of Health and Human Services*, 583 F.Supp. 135, 138 (E.D.Mich.1984), the court found that the method of calculating attorneys' fees urged by the Secretary defeated one of the purposes underlying § 406—providing incentive for attorneys to represent Social Security claimants. The court also indicated that § 1127 was not applicable to a claimant receiving concurrent retroactive benefits, since "[t]he statute specifically provides for adjusting retroactive disability benefits when an individual 'was an individual with respect to whom supplemental security income benefits *were paid*' during any month in which the individual is found to have been entitled to disability benefits" (emphasis in original). *Id.* at 138. In holding that attorneys' fees should be calculated by computing and paying disability ben-

98–369, § 2615(b). Since Kovar's retroactive benefits were paid in December, 1984, this decision is controlled by the unamended version of § 1127 as construed by the federal courts.

efits before computing and paying SSI benefits, the court concluded:

> When disability and SSI benefits are concurrently awarded the Secretary could just as easily first compute and pay the accrued disability benefits, withholding 25% of that award for attorney's fees, and then compute the accrued SSI benefits taking into account the retroactive disability benefits paid to the claimant.

*Id.* at 138 (footnote omitted). *Accord Burnett v. Secretary of Health and Human Services,* 563 F.Supp. 789 (W.D.Ark.1983), *rev'd,* 756 F.2d 621 (8th Cir.1985); *McKenzie v. Heckler,* 602 F.Supp. 1150, *order supplemented and stay denied,* 605 F.Supp. 1217 (D.Minn.1985); *Wheeler v. Heckler,* 607 F.Supp. 646 (D.N.J.1985).[6]

In *Burnett v. Heckler,* 756 F.2d 621 (8th Cir.1985), the court held that the amount of retroactive benefits payable for purposes of an award of § 406(b) fees is the amount of retroactive disability benefits reduced by the SSI windfall offset. This Court is not bound by the opinion of the Eighth Circuit Court of Appeals, and it respectfully suggests that the appellate court erred in its reversal of the district court's decision.[7]

First, the Eighth Circuit relies heavily upon the definition of "past-due benefits" as "the total amount of benefits payable under Title II ..." pursuant to 20 C.F.R. § 404.1703 (1985). *Id.* at 625. This regulation is not inconsistent with the district courts' interpretation, however. There is no doubt that the entire retroactive Title II award is "payable" to the claimant; nevertheless, it is subject to deductions and liens, such as the attorneys' fee award itself. *Motley,* 605 F.Supp. at 93.

Second, the circuit court implies that its interpretation of the interrelated provisions of the Social Security Act best fosters the policies animating these provisions. While it recognizes that § 406(b) was established in order to provide an incentive for attorneys to represent social security claimants, *id.* at 625, the court states that the direct payment of fees by the Secretary to attorneys, rather than the amount of the fees, is the primary incentive. This reading also advances the statute's goal of protecting claimants from paying a large portion of their retroactive benefits to their lawyers. *Id.* at 626. However, this Court cannot seriously entertain the notion that the direct payment of a minimal amount of fees is an incentive for a lawyer to invest the many hours needed to prevail at the district court or appellate court level after exhausting administrative appeals. By artificially reducing the amount of fees which an at-

---

**6.** Although the amended § 1127 is not applicable in this case, it would not require a different result. The amendment was drafted by Congress to permit the adjustment of retroactive SSI benefits paid after an award of retroactive disability benefits. H.Conf.Rep. No. 98–861, 98th Cong., 2nd Sess. 1391, *reprinted in* 1984 *U.S. Code Cong. & Ad.News* 697, 2079. The amendment does not purport to legislatively overrule the decisions requiring calculation of attorneys' fees from the unadjusted amount of Title II benefits. Neither does it require the Secretary to pay retroactive SSI benefits before retroactive disability benefits. *McKenzie,* 602 F.Supp. at 1158. *Accord Motley v. Heckler,* 605 F.Supp. 88 (W.D.Va.1985).

**7.** Even a district court which is bound by the *Burnett* opinion has read it very narrowly. Before the appellate court decided *Burnett,* Judge Murphy of the District of Minnesota held that the Secretary's policy of postponing the calculation of disability benefits until after calculating SSI benefits, activating § 1127 by the concur-

rent award, violated the Social Security Act and the Administrative Procedure Act. *McKenzie,* 602 F.Supp. at 1150. Relying on the intervening Eighth Circuit decision in *Burnett,* the Secretary petitioned the court to stay its order enjoining the payment and calculation of SSI benefits prior to disability benefits. In her opinion denying the request for a stay, Judge Murphy observed that the circuit court's opinion merely decided the correct method of calculating attorneys' fees, rather than the operation of the offset provision of § 1127. She remained unconvinced by the Secretary's argument that the payment of retroactive disability benefits before SSI benefits constitutes a windfall. Further, Judge Murphy noted that the Eighth Circuit was not faced with the reconciliation of the Secretary's interpretation of the offset provision with the policies behind the provisions which permit the payment of retroactive SSI benefits, but not disability benefits, to welfare agencies as reimbursement for interim assistances, 42 U.S.C. §§ 407, 1383(g)(1) (1982). *McKenzie v. Heckler,* 605 F.Supp. 1217 (D.Minn.1985).

torney can receive following a concurrent award of disability and SSI benefits, the Eighth Circuit's interpretation of § 406(b) may result in an incentive contrary to the policy of encouraging representation of these claimants—namely, an incentive to avoid applying for SSI benefits for their clients. Such a result would be intolerable, since SSI benefits by definition are available only to claimants with severe financial need. And while returning as large a payment of retroactive benefits as possible to the claimant is certainly a desirable goal, a policy which strongly encourages attorney representation is essential in order for many claimants to establish their entitlement to any benefits, prospective as well as retroactive.

Finally, the *Burnett* court accepts the Secretary's argument that a district court's award of attorneys' fees in excess of the amount withheld by the Secretary violates § 406(b)'s command to "certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." *Id.* at 627. The Secretary's argument is circular, since she submits that because she withheld less than twenty-five percent of the claimant's disability benefits, the attorney must receive less than twenty-five percent. Such an interpretation would make the Secretary, rather than the Court, the arbiter of § 406(b) attorneys' fees. This provision is clearly meant to indicate that the successful claimant, rather than the government, is responsible for payment of attorneys' fees. It does not provide the Secretary with a shield created by her own acts. Since this Court does not find the opinion of the Eighth Circuit in *Burnett* persuasive, it will join in the interpretation of

the *Carlisi* court, holding that § 406(b) fees should be withheld from Title II benefits before the § 1127 offset is performed.[8]

The requirement of Title 42 U.S.C. § 1383(g)(1) (1982) that the states be reimbursed for general assistance payments rendered during the pendency of an appeal does not demand a construction of the statute which minimizes attorneys' fees under § 406(b)(1). Such a construction merely provides a windfall to the state.[9] Since the Secretary can withhold prospective SSI benefits to reimburse a state providing interim assistance, 20 C.F.R. § 416.525 (1985), the Secretary could have paid the Title II benefits initially and withheld benefits from later SSI payments to compensate Cuyahoga County. *Carlisi*, 583 F.Supp. at 138, n. 6.

The Court holds, then, that the maximum fee in this case is properly calculable by determining one-fourth of the gross amount of Title II benefits to which the claimant is entitled. Since the Secretary has unfairly deprived de la Pena of the fee awarded by the Court by paying the welfare department and refusing to certify the correct amount of fees in the past-due benefits, she will bear the burden of recapturing the correct amount of benefits from the claimant. As the Secretary can recover over-payments of benefits pursuant to 42 U.S.C. § 404 (1982), she shall pay de la Pena the fee awarded by the Court and recoup the withholding deficit by deducting twenty-five percent of Kovar's current disability benefits until the repayment is complete. *See Motley*, 605 F.Supp. at 94.

### III.

Upon recalculation, the Court notes that it erred in arriving at the amount of fees

---

**8.** Nor is the Court's decision here controlled by *Cloyd v. Weinberger*, 527 F.2d 1167 (6th Cir. 1975), which held that worker's compensation benefits are reduced from the gross amount of benefits before § 406(b) fees are calculated. There is no language in that opinion indicating that the worker's compensation benefits were awarded concurrently with the disability benefits, thereby permitting the Secretary to award disability benefits first. Furthermore, the effect of 42 U.S.C. § 424a (1982), which controls the reduction of benefits when worker's compensation has been received, is not at issue here. *Wheeler*, 607 F.Supp. at 649, n. 2.

**9.** In a similar dispute where its Department of Welfare was reimbursed following a retroactive award of Title XVI benefits, Pennsylvania agreed to pay a proportionate share of attorneys' fees for recovering the state's lien. *Reid v. Heckler*, 735 F.2d 757, 759 (3d Cir. 1984).

which could properly be paid to de la Pena. In order to comply with § 406(b)'s twenty-five percent limit, the Court reduces its fee award to $4,037.05.[10]

The Secretary's motion for relief from judgment is denied, and she is ordered to perform in accordance with this decision.

IT IS SO ORDERED.

---

**10.** Title II benefits were awarded to Kovar in the amount of $11,033.70 and to her dependents in the amount of $5,114.50. One-fourth of that $16,148.20 total equals $4,037.05.