Domingo **CORA–SILVA, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. No. 84–1046–T.**

United States District Court, D. Massachusetts.

Aug. 26, 1986.

H. Crowell Freeman Jr., Boston, Mass., for plaintiff.

Marianne B. Bowler, Asst. U.S. Atty., Boston, Mass., for defendant.

TAURO, District Judge.

At issue is the Social Security Administration's (SSA) method of calculating permissible attorney's fees following a court award of contested disability benefits. SSA offsets the award of past disability benefits by the amount of other benefits received by the claimant. It then awards a percentage of that net figure as attorney's fees. Claimant disagrees with this aproach, asserting that the fee percentage should be calculated on the basis of the gross benefit awarded.

I.

On January 10, 1983, plaintiff filed an application for social security disability insurance (SSDI) benefits under Title II, and an application for supplemental security income (SSI) benefits. The Department of Health and Human Services (HHS) denied plaintiff's claims for disability benefits.

931

Plaintiff appealed the agency determination to this court. In the meantime, plaintiff received $8,622.37 in SSI payments under Title XVI, based on economic need.

On May 17, 1985, this court found that plaintiff was disabled within the meaning of the Social Security Act and awarded plaintiff $11,027.30 for Title II benefits owed. In implementing this court's ruling, SSA applied the windfall offset provision of section 1127 of the Social Security Act, 42 U.S.C. § 1320a–6,[1] deducting from the award the Title XVI benefits that plaintiff would not have received had the Title II benefits been paid during the disability period. SSA determined that plaintiff was entitled to a net figure of $2,402.93.

Plaintiff's attorney now seeks an award of $1425 in attorney's fees for his work before this court in this case, plus approximately $1300 for his work before SSA. 42 U.S.C. § 406(b)(1)[2] provides that SSA may deduct up to 25% of a claimant's award of past benefits in order to pay attorney's fees. SSA maintains that attorney's fees are not to be calculated until the windfall offset provisions of § 1320a–6 have been applied. SSA's position, therefore, is that § 406(b)(1) limits an award of attorney's fees in this case to 25% of the net amount awarded to claimant, or $586.15.[3]

## II.

Congress has delegated to SSA the responsibility for initial interpretation of the subject legislation. A court may interpose its judgment only if SSA's construction of the statute is unreasonable, arbitrary or capricious. *See, e.g., Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 1781–82, 81 L.Ed.2d 694 (1984); *Lugo v. Schweiker,* 776 F.2d 1143, 1146–47 (3d Cir.1985).

Plaintiff's attorney argues, in effect, that SSA's practice of offsetting past disability benefits against other benefits prior to calculating attorney's fees violates 42 U.S.C. § 406(b)(1). That section provides that a court may award an attorney a reasonable fee for representing a claimant, "not in excess of twenty-five percent of the total of the *past-due benefits* to which the claimant is entitled" (emphasis added). Plaintiff argues that phrase means the gross amount of disability benefits obtained on behalf of the claimant. *See Sepulvida v. Secretary of HHS,* No. 83 Civ. 4382, slip op. at 2–3 (E.D.N.Y. October 18, 1985); *McKenzie v. Heckler,* 605 F.Supp. 1217, 1223 (D.Minn.1985); *Motley v. Heckler,* 605 F.Supp. 88, 92 (W.D.Va.1985); *Carlisi v. Secretary of HHS,* 583 F.Supp. 135 (E.D. Mich.1984).

The Secretary of HHS has interpreted the term "past-due benefits" as "the total amount of benefits *payable* under Title II of the Act to all beneficiaries that has accumulated because of a favorable administrative or judicial determination or decision, up to but not including the month the

---

1. 42 U.S.C. § 1320a–6 states:
   ... [I]n any case where an individual ... is entitled to benefits under subchapter II of this chapter that were not paid in the months in which they were regularly due ... then any benefits ... shall be reduced by an amount equal to so much of the supplemental security income benefits ... as would not have been paid with respect to such individual ... if he had received such benefits under subchapter II of this chapter in the month or months in which they were regularly due.... For purposes of this section, the term "supplemental security income benefits" shall mean benefits paid or payable by the Secretary under subchapter XVI of this chapter....

2. 42 U.S.C. § 406(b)(1) states:
   Whenever a court renders a judgment favorable to a claimant under this subchapter who

was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits....

3. SSA originally calculated the net award to plaintiff as $1,130.83. Based on that figure, the SSA deducted, and this court approved the payment of, $282.70 for attorney's fees. SSA now admits that it miscalculated the net past benefits due award. It agrees to the deduction of an additional $303.45 from the claimant's net award, to be paid as attorney's fees.

determination or decision is made." 20 C.F.R. § 404.1703 (emphasis added). The Secretary maintains that the disability benefits "payable" to a claimant are the net benefits derived after deduction of the windfall offset amount pursuant to 42 U.S.C. § 1320a-6.[4]

▮ Although district courts have generally held that attorney's fees should be calculated before deduction of the windfall offset amount,[5] each of the three courts of appeals that have faced this issue has ruled that the Secretary's interpretation is consistent with the statute. *See Detson v. Schweiker*, 788 F.2d 372 (6th Cir.1986); *Wheeler v. Heckler*, 787 F.2d 101 (3d Cir. 1986); *Burnett v. Heckler*, 756 F.2d 621 (8th Cir.1985). The reasoning in these three cases is persuasive. This court concludes that the Secretary's interpretation of "past-due benefits" as the net amount of benefits to which the claimant is entitled (the amount payable to the claimant) is not contradicted by the terms of the statute itself.

### III.

Plaintiff's counsel further argues that the Secretary's interpretation is inconsistent with the Congressional policies behind § 406(b)(1). He maintains that the intent behind § 406(b)(1) is to provide adequate compensation for attorneys handling disability claims, thereby ensuring that claimants are able to encourage competent counsel to press their claims.

While this is one of the policies behind § 406(b)(1), it is not the sole intent of Congress. Section 406(b)(1) also reflects a Congressional judgment that SSA should administer the direct payment of attorney's fees, thereby avoiding problems of fee collection from the claimant. This approach is designed to encourage attorneys to provide legal representation for disability claimants. Indeed, some authorities have concluded that the primary financial incentive provided for attorneys is not the amount of payment, but the fact the payments are made directly. *See Burnett v. Heckler*, 756 F.2d at 626. The Secretary's interpretation of § 406(b)(1) is consistent with that purpose.

Moreover, § 406(b)(1) reflects a Congressional determination that 75% of the past-due benefits payable to a claimant should be preserved and protected for the claimant. For this reason, Congress included in § 406(b)(1) the provision that "no other fee may be payable or certified for payment for such representation except as provided in [§ 406(b)(1)]." The obvious policy involved is to ensure that the claimant ultimately retains the lion's share of the past-due disability benefits—a larger share than the claimant might otherwise retain if attorneys were allowed to negotiate contingency fee arrangements directly with claimants.

▮ The statute, therefore, balances potentially competing Congressional policies: 1) ensuring that claimants are able to ob-

---

4. This interpretation is consistent with the Preamble to the regulations implementing § 1320a-6, the SSI windfall offset provision. The Preamble states:

As for attorney's fees, the amount of retroactive benefits that is subject to withholding for payment of an attorney's fee is the total amount of retroactive Social Security benefits *payable* to the beneficiary (see [20 C.F.R.] § 404.1703). The amount payable is the amount of retroactive benefits less the amount of any deductions, reductions, or overpayments applicable to the retroactive period. Thus, the amount of retroactive benefits *payable* for purposes of withholding an attorney's fee is the amount of retroactive Social Security benefits reduced by the

amount of any SSI payments received in the retroactive period.

Preamble, 47 Fed.Reg. 4985, 4986 (emphasis in original). This statement was made by the Secretary in response to suggestions that the Secretary would apply the offset provisions of § 406(b)(1) before deducting the windfall offset. *See Burnett v. Heckler*, 756 F.2d 621, 627 (8th Cir.1985).

5. *See Sepulveda v. Secretary of HHS*, No. 83 Civ. 4382, slip op. at 2–3 (E.D.N.Y. October 18, 1985); *McKenzie v. Heckler*, 605 F.Supp. 1217, 1223 (D.Minn.1985); *Motley v. Heckler*, 605 F.Supp. 88, 92 (W.D.Va.1985); *Carlisi v. Secretary of HHS*, 583 F.Supp. 135 (E.D.Mich.1984); *see also Kovar v. Heckler*, 622 F.Supp. 967 (D.Ohio 1985).

tain competent attorneys by providing direct payment of 25% of an award as attorney's fees, and 2) ensuring that the claimant ultimately receive at least 75% of the past-due disability benefits. By deducting attorney's fees after applying the windfall offset, the Secretary has favored the Congressional policy of ensuring that the claimant retains the largest share of the award. This court cannot conclude that the Secretary's interpretation is unreasonable, arbitrary or capricious merely because the resulting attorney's fee is smaller than would be the case if there had been no windfall offset. *See Detson v. Schweiker*, 788 F.2d 372, 375–76 (6th Cir.1986); *Wheeler v. Heckler*, 787 F.2d 101, 108 (3d Cir.1986); *Burnett v. Heckler*, 756 F.2d at 626 (8th Cir.1985).

### Conclusion

The Secretary's calculation of attorney's fees is approved. Plaintiff's attorney is awarded $586.15 in attorney's fees.