**Grace GALLO, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

No. 83 Civ. 4305.

United States District Court, E.D. New York.

Jan. 22, 1985.

John E. Kirklin, Director of Litigation (Nancy Morawetz, of counsel), Civil Ap-

peals and Law Reform Unit, The Legal Aid Society, New York City, Arthur J. Fried, Supervising Atty., Administrative Law Unit, The Legal Aid Society, New York City, for plaintiff.

Asst. U.S. Atty. Thomas B. Roberts, Eastern Dist. of N.Y., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

On an earlier motion for judgment on the pleadings in this action, the Court reversed the Secretary's denial of plaintiff's application for Widow's Disability Benefits under Title II ("Title II benefits") and Supplemental Security Income ("SSI") benefits. Judgment was entered directing the payment of benefits. Defendant now moves under Rule 59 for an order modifying the judgment to change the manner in which retroactive benefits are calculated. For the reasons that follow, defendant's motion is granted.

*Background*

Under the earlier order entered in this case, the Secretary is directed to pay Title II benefits retroactive to the date of the death of plaintiff's husband. The order also required that the Secretary pay SSI benefits, retroactive to the date plaintiff submitted her SSI application, for any period in which income and resources, including any Widow's Disability benefits due

under the Court's order, rendered her eligible for SSI benefits.[1] Plaintiff received public assistance benefits from New York during the period for which she is to be awarded retroactive benefits, but the amount of such public assistance is not revealed in either of the parties' papers. Defendant alleges that plaintiff signed an agreement authorizing the Secretary to make withholdings from retroactive SSI benefits to reimburse the state for public assistance payments. Plaintiff asserts that she has no recollection that she signed such an agreement. The defendant's new proposed order would require that the Secretary "pay" [calculate] the appropriate retroactive SSI benefits and then subsequently "pay" [calculate] the appropriate retroactive Title II benefits.[2]

*Discussion*

This motion concerns the interplay of three provisions of the Social Security Act which defendant contends produce an inequitable result in this case if the Secretary calculates retroactive Title II benefits before calculating retroactive SSI benefits.

Section 1382(c) of Title 42 of the United States Code provides that an individual's eligibility for SSI benefits for any month "shall be determined on the basis of the individual's ... income, resources, and other relevant characteristics in such month." This section has been interpreted to require that benefits be based on income actually received during the relevant quarter. 20 C.F.R. §§ 416.200; 416.1123(a) and (d).[3]

---

**1.** The Court's Order of October 31, 1984 provides:

1. The Secretary's decision denying plaintiff's claims for Widow's Disability and Supplemental Security Income benefits is reversed; and

2. The Secretary is directed to make benefits available to the plaintiff within 15 days from the date of this order, and to provide plaintiff with Medicare coverage as required under 42 U.S.C. Sec. 426(b); and

3. The Secretary is directed to pay plaintiff Widow's Disability benefits retroactive to January 2, 1982, the date of her husband's death. The Secretary shall pay these benefits within sixty days of the date of this order; and

4. The Secretary is directed to pay plaintiff Supplemental Security Income benefits retroactive to January 19, 1982 for any period in

which her income and resources, including any Widow's Disability benefits due under paragraph 3 of this order, rendered her eligible for such benefits, and in which she met all other eligibility requirements for Supplemental Security Income benefits.

**2.** The defendant's proposed order provides, in pertinent part:

3. The Secretary is directed to pay plaintiff appropriate Supplemental Security Income benefits retroactive to January 19, 1982. The Secretary shall pay these benefits within sixty days of the date of this order; and

4. The Secretary is directed subsequently to pay appropriate Widow's Disability benefits retroactive to January 2, 1982.

**3.** Section 1382(c) refers to the criteria for determining eligibility for SSI benefits in any given

Thus, if a Title II payment was made in a given month, that payment would be considered income in determining the eligibility for SSI in that month. If a Title II payment was not actually received in that month, but was awarded later, retroactively to that month, the SSI payment already received would not be reduced by the Title II award. For example, if claimant "X" received a $300 SSI payment for the month of April 1983 and in June 1984, a $200 Title II benefit was awarded retroactively for April 1983, the $300 SSI payment would not be reduced by the retroactively awarded Title II benefit.

For such situations, § 1320a–6 specifically provides that retroactive Title II benefits shall be adjusted for SSI benefits previously paid for the same month.[4] See also 20 C.F.R. § 416.1123(d). For example, in the illustration above, assume that the $200 Title II benefit was actually paid and received in April 1983. That money, being income, would have reduced the amount of the SSI benefit payable to X. When awarded retroactively, the Title II benefit will be reduced by the amount for which the SSI benefit would have been reduced

had the Title II payment actually been made in April 1983. Section 1320a–6 thus prevents a claimant from enjoying a "windfall" of duplicative benefits under both SSI and Title II where the SSI benefits were calculated without considering income later awarded under Title II. This current version of § 1320a–6 does not provide for a similar adjustment where retroactive Title II benefits are paid before a retroactive SSI award. Consequently, the section was recently amended to provide for such an adjustment for SSI benefits payable retroactively after February 1, 1985.[5]

When SSI benefits are not paid when due by the Secretary, the state may provide interim financial assistance by way of public assistance payments. If SSI payments are later awarded retroactively, 42 U.S.C. § 1383(g)(1) provides that the Secretary may, upon written authorization from the claimant, withhold from the retroactive SSI benefits an amount sufficient to reimburse the state for interim assistance furnished to the claimant. This provision applies only to SSI benefits; there is no similar provision for Title II benefits.

month. The Secretary's regulations indicate, however, that the Secretary determines eligibility on a quarterly basis. *See* 20 C.F.R. § 416.-200.

4. Section 1320a–6 currently provides:

Notwithstanding any other provision of this chapter, in any case where an individual—

(1) makes application for benefits under subchapter II of this chapter and is subsequently determined to be entitled to those benefits, and

(2) was an individual with respect to whom supplemental security income benefits were paid under subchapter XVI of this chapter ... for one or more months during the period beginning with the first month for which a benefit described in paragraph (1) is payable and ending with the month before the first month in which such benefit is paid pursuant to the application referred to in paragraph (1),

the benefits (described in paragraph (1), which are otherwise retroactively payable to such individual for months in the period described in paragraph (2) shall be reduced by an amount equal to so much of such supplemental security income benefits ... described in paragraph (2) for such month or months as

would not have been paid with respect to such individual or his eligible spouse if the individual had received the benefits under subchapter II of this chapter at the times they were regularly due during such period rather than retroactively....

5. The amended § 1320a–6 provides:

(a) notwithstanding any other provision of this Act, in any case where an individual—

(1) is entitled to benefits under Title II that were not paid in the months in which they were regularly due; and

(2) is an individual or eligible spouse eligible for supplemental security income benefits for one or more months in which the benefits referred to in clause (1) were regularly due, then any benefits under Title II that were regularly due in such month or months, or supplemental security income benefits for such month or months, which are due but have not been paid to such individual or eligible spouse shall be reduced by an amount equal to so much of the supplemental security income benefits, whether or not paid retroactively, as would not have been paid or would not be paid with respect to such individual or spouse if he had received such benefits under Title II in the month or months in which they were regularly due.

The potential interaction of these three sections in the context of this case is well illustrated by three examples described by defendant in her Memorandum of Law:

Assume that during February 1983 claimant received $200 in public assistance from New York, that she is now entitled to $400 for that month in retroactive Title II benefits under this court's order and that she is entitled to up to $300 in retroactive SSI benefits for that month under this court's order. First, assume that the Title II benefits are paid before the SSI benefits. Plaintiff will have received $200 from the State and will receive an additional $400 under Title II. The $600 received exceeds the $300 monthly income guaranteed by SSI. However, because plaintiff actually received only $200 during February 1983 and SSI guarantees receipt of at least $300 during the month, § 1382(c)(1) requires that plaintiff be paid an additional $100 of SSI under the Court order. The state will receive reimbursement through § 1383(g)(1) of the $200 remaining on plaintiff's SSI award. This is the result that the Court's current order will impose upon the Secretary.

However, for a second example, if the SSI benefits are paid before the Title II benefits, the result is different. Again, plaintiff has received $200 from the state. Pursuant to § 1383(g)(1), the Secretary will reimburse the state for the $200 of public assistance and pay the remaining $100 of the SSI benefits due to plaintiff. The total of public assistance and the SSI payment for the month is then equal to the intended amount of $300. With regard to the Title II benefits, under § 1320a–6 the total of $300 of SSI benefits paid to claimant and the state will be offset against the $400 payable under Title II, resulting in an additional payment of only $100 to plaintiff under Title II. This is the result that the Secretary believes is appropriate in this case.

A third result is obtained if the Court's present order is followed to the letter. Again, plaintiff has received $200 from the state. She is now entitled to $400 in Title II benefits under this court's order. The $600 received exceeds the $300 monthly income guaranteed by SSI. Accordingly, plaintiff would have no benefits due under the SSI award because of the offset provision in paragraph 4 of the order. (The offset provision however violates § 1382(c)(1). However, because there would be no benefits due under SSI, the state would receive no reimbursement under 42 U.S.C. § 1383(g)(1).

The difference between the three approaches is that under the first approach, plaintiff receives $700 and the state is reimbursed for its $200. Under the second approach, plaintiff receives $400 and the state is reimbursed for its $200. Under the third approach, plaintiff receives $600 and the state is not reimbursed.

\*　　\*　　\*　　\*　　\*　　\*

Had plaintiff received the proper Title II and SSI benefits in the month of February 1983, the state would never have paid claimant public assistance. Instead, the claimant would have either gotten $300 from SSI and $100 from Title II (under the set-off in § 1320a–6) or $400 under Title II and nothing under SSI (because she would have excessive income to receive SSI). Thus, if the payments had been made contemporaneously, plaintiff would have received only $400 a month and the state would have incurred no expense. The problem with the first example is that it grants plaintiff a windfall at the expense of SSI. The problem with the third example is that it grants plaintiff a windfall at the expense of the state.

Defendant's Memorandum at 6–9.

Defendant's argument, as indicated in the above-quoted portion of her brief, is that under the present order and current version of § 1320a–6, plaintiff will enjoy a "windfall" in that she will receive SSI benefits she would not otherwise have received if her Title II benefits had been paid month by month as due. This is because the retroactive Title II benefits will not be applied, pro rata, month by month, to reduce the retroactive SSI awards, and because of

the loophole in the present § 1320a–6, the retroactive Title II award calculated first under the Court's order cannot be used to offset the award of retroactive SSI benefits.[6] Defendant argues that this "windfall" would be avoided if SSI benefits were calculated first and Title II benefits calculated second, because an appropriate offset for the improperly inflated SSI benefits could then be made under the current version of § 1320a–6.

In support of her argument that the Court's order should be modified, defendant cites the legislative history to § 1320a–6, which reveals the clear congressional intent that appropriate offsets should be made between Title II and SSI benefits to avoid such "windfalls". The Senate Report to the original § 1320a–6 states that

> an individual's entitlement under [SSI and Title II] shall be considered as a totality so that payment under either program shall be deemed payment under the other if that is subsequently found to be appropriate. Thus, if payment under Title II is delayed so that a higher payment is made under Title XVI [SSI], the adjustment made in the case of any individual will only be the net difference in total payment.

S.Rep. No. 408, 96th Congress 2d Sess., at 78 (1980), *reprinted in* 1980 U.S.Code Congress and Administrative News 1277, 1356. The House Report to the recently amended § 1320a–6 reiterates the Senate's statement of intent with respect to the original § 1320a–6:

### Present Law

The SSI statute contains provisions aimed at ensuring that an individual's entitlement under the Old-Age, Survivors, and Disability Insurance [Title II] and Supplemental Security Income (SSI) programs do not result in windfall benefits. Under present law, [Title II] benefits that are paid retroactively following the initial determination of eligibility are reduced by the amount of any excess SSI benefits that have been paid because the [Title II] benefits have been received in a lump sum rather than in the months when regularly payable.

### House Bill

No provision.

### Senate amendment

Amends the present law requirement to allow the adjustment of benefits in additional situations:

(1) in the case where retroactive [Title II] benefits are paid before the SSI benefits, but for the same period, the retroactive SSI amount otherwise payable would be reduced by the amount that would not have been paid had [Title II] been paid when regularly due;

\*       \*       \*       \*       \*       \*

### Conference agreement

The conference agreement follows the Senate amendment.

H.R.Rep. No. 861, 98th Congress, 2nd Sess., at 1391 (1984), *reprinted in* 1984 U.S.Code Cong. & Admin.News, —— at ——.

Plaintiff raises two arguments in opposition. First, plaintiff notes that 42 U.S.C. § 407 bars the assignment of Title II benefits to creditors. Plaintiff contends that the calculation of SSI benefits before the calculation of Title II benefits, with the attendant reimbursement of the state from the SSI benefits under § 1383(g)(1), will result in an assignment of Title II benefits to a creditor—the state. Plaintiff's argument is not persuasive, however, because even if the Secretary first calculated SSI benefits, then reimbursed the state, and then calculated Title II benefits (offset by the SSI benefits under § 1320a–6), the reimbursement would be made from SSI benefits, not Title II benefits. I believe the correctness of this result is demonstrated by the practical reality that the plaintiff would receive exactly the same net amount of benefits under this arrangement as she would have received if she were paid Title II and SSI benefits as they were due. Plaintiff is actually arguing that she should be paid full SSI and Title II benefits, and

---

**6.** This loophole is closed in the amended § 1320a–6.

then not reimburse the state for interim benefits that would never have been paid if the SSI and Title II benefits were paid when due.

Plaintiff's second argument is that there is no statutory authority for offsetting retroactive Title II benefits against retroactive SSI benefits paid concurrently to the plaintiff. Specifically, plaintiff argues that the present § 1320a–6 does not authorize offsets against Title II benefits where retroactive Title II and SSI benefits are ordered concurrently. The current § 1320a–6 applies to individuals "with respect to whom supplemental security income benefits *were paid* under [Title] XVI for one or more months ... and ending with the month before the first month *in* which such benefit is paid ..." (emphasis added). Plaintiff maintains that in the present case, since Title II and SSI benefits are being awarded concurrently, SSI benefits were not "paid" before Title II benefits, and therefore § 1320a–6 does not apply. Defendant contends that the section requires that SSI benefits have been paid *for* one or more months, not *in* those months, and therefore § 1320a–6 applies whenever SSI benefits were paid in any amount of time before Title II benefits. Defendant persuasively argues that the reference in § 1320a–6 to the "first month *in* which such benefit is paid," "makes it clear that the drafters understood the difference between months *for* which benefits are paid and the months *in* which benefits are paid." Defendant's Memorandum at 12 n. 2.

■ In support of her argument, plaintiff cites two cases holding that where retroactive SSI and Title II benefits are awarded concurrently, the Secretary must compute and pay Title II benefits before paying SSI benefits. *Burnett v. Sec'y, HHS*, 563 F.Supp. 789 (W.D.Ark.1983); *Carlisi v. Sec'y, HHS*, 583 F.Supp. 135 (E.D.Mich.1984). Both of these decisions relied on the "were paid" language dis-

cussed above. These decisions do not, however, control in the present case. First, in both cases, the Secretary was calculating the relative proportion of SSI and Title II benefits in a retroactive award for the sole purpose of fixing attorneys' fees under 42 U.S.C. § 406. The apportionment of a benefits award between SSI and Title II was critical in those cases because attorneys' fees can only be awarded from Title II benefits.[7] There is no provision for the award of attorneys' fees from retroactive SSI benefit awards. Neither *Burnett* nor *Carlisi* involved the calculation of the actual amounts of money paid to the plaintiffs. "That the Secretary is entitled to recover overpayments in SSI benefits by reducing presently payable disability benefits is not at issue. The problem rather is using the overpaid SSI benefits as an offset against the figure used to determine fees payable to claimant's attorney." *Burnett*, 563 F.Supp. at 790. In both cases, the courts were concerned that using the offset formula in § 1320a–6 to reduce the amount of Title II benefits from which attorneys' fees are calculated would discourage representation of social security claimants. *Burnett*, 563 F.Supp. at 793; *Carlisi*, 583 F.Supp. at 138. That is not a concern in this case, where the court is calculating only the actual amount of money to be paid to the plaintiff.[8] Secondly, both *Burnett* and *Carlisi* were decided before the passage of the amended § 1320a–6. The new section clearly reflects the intent of Congress that concurrent benefits be offset against one another to avoid duplicative payments, regardless of whether the SSI or Title II benefits are calculated first. I therefore do not believe that plaintiff's contention, that § 1320a–6 is inapplicable to awards of "concurrent" SSI and Title II benefits, is persuasive.

■ In conclusion, there is no clear statutory guidance on whether the SSI or Title II benefits should be calculated first in the present case. There is, however, very clear

---

7. For attorneys who successfully represent Title II claimants in court actions, a court may award attorneys' fees of up to twenty-five percent of the total of the past due Title II benefits. 42 U.S.C. § 406(b).

8. The parties advised the court that they have already agreed upon the amount of attorneys' fees to be awarded in this case.

expressions of congressional intent to avoid "windfalls" in retroactive benefit payments, as reflected in both the original § 1320a–6, and the amendment of that section to close the loophole implicated in the present case. As discussed above, the challenged order and judgment do produce a windfall by ordering that Title II benefits be calculated before SSI benefits. Fairness dictates that the plaintiff receive no more in retroactive benefits than she would have received if benefits were paid when due. This result will be achieved under defendant's proposed order.

Plaintiff in effect concedes that the provisions of the existing order, if applied under the current version of § 1320a–6, will produce an inequitable windfall for plaintiff in contravention of congressional intent. In a footnote to her memorandum, plaintiff states that she "would have no objection to a revision of the Court's order making plaintiff's retroactive SSI benefits payable on February 1, 1985 [the effective date of the amended § 1320a–6], so as to accomodate [sic] congressional intent and the Secretary's concern that she would otherwise be required to calculate retroactive SSI payments as though plaintiff were not eligible for Title II in that period." Plaintiff's Memorandum at 11, n. 5.

Plaintiff has not offered any authority for deferring the award of benefits under the existing order until after the new statute takes effect. Furthermore, if the Court did defer the effective date of the existing order, the windfall caused by the calculation of SSI benefits as if no Title II benefits had been awarded would indeed be eliminated, but another windfall for plaintiff would be created. Under such an arrangement, plaintiff's Title II benefits would be calculated first, and then the SSI benefits would be calculated and offset by amounts that would not have been awarded if plaintiff had been paid benefits when due. The result would be that of the total amount of benefits awarded, a relatively

large proportion of those benefits would be designated as Title II benefits and a relatively small proportion of the benefits would be designated as SSI benefits. This could potentially produce a pool of SSI benefits that is too small to fully reimburse the state, by withholding benefits pursuant to § 1383(g)(1), for interim public assistance benefits, paid to plaintiff by the state, that would not have been paid if plaintiff had received her Title II and SSI benefits when due. The net result would be that plaintiff would have received these interim benefits, and then would receive the Title II and SSI benefits without a full adjustment for the interim benefits already paid to plaintiff.

This windfall would be avoided under the Secretary's proposed order, regardless of whether benefits are calculated under the current or amended § 1320a–6. Under the proposed order, SSI benefits would be calculated first, and then the Title II benefits would be calculated and offset by amounts that would not have been paid if plaintiff had received the benefits when due. The result would be that a larger proportion of total benefits awarded would be designated as SSI benefits than would be so designated under the arrangement proposed in plaintiff's footnote five. From this larger pool of SSI benefits, the state could receive a greater amount of reimbursement under § 1383(g)(1) for interim benefits paid to plaintiff. The net result would be that, if the state were fully reimbursed, plaintiff would receive "in pocket" the exact amount she would have been paid if her Title II and SSI benefits were paid when due—that is, plaintiff would receive the state interim benefits already paid, plus the Title II and SSI benefits due, reduced by the amount of those interim assistance benefits.

As discussed above, there is no clear statutory guidance as to whether the Title II or SSI benefits must be calculated first when making concurrent awards of benefits.[9] In light of the congressional intent

9. Plaintiff's argument that § 1320a–6 does not authorize offsets where Title II and SSI benefits are awarded concurrently, which was rejected earlier in this opinion, has absolutely no basis under the amended § 1320a–6. Plaintiff relied

on the "benefits were paid" language in the current § 1320a–6 to support the argument that the section only applied where SSI benefits were actually paid during the retroactive period.

**1520**

to avoid "windfalls" in the payment of retroactive benefits, I conclude that the Secretary's proposed order will best accomplish the goals of Congress. Defendant's motion under Rule 59 to amend the Court's judgment in this case is, therefore, granted.

It is hereby ordered that the order of this Court dated October 31, 1984, be modified as follows:

(a) Paragraphs 3 and 4 of the order are deleted; and

(b) The following paragraphs are substituted in the order:

"3. The Secretary is directed to pay plaintiff appropriate Supplemental Security Income benefits retroactive to January 19, 1982. The Secretary shall pay these benefits within sixty days of the date of this amended order; and

4. The Secretary is directed to subsequently pay appropriate Widow's Disability benefits retroactive to January 2, 1982."

There is no such "were paid" language in the amended § 1320a–6.