Jacqueline McKENZIE,
Plaintiff-Appellee,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant-Appellant.

No. 85–5103.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1986.

Decided March 28, 1986.

Michael Kimmel, Washington, D.C., for defendant-appellant.

Laurie N. Davison, Minneapolis, Minn., for plaintiff-appellee.

Before ARNOLD, FAGG and TIMBERS,* Circuit Judges.

TIMBERS, Circuit Judge.

Jacqueline McKenzie ("appellee") and class members sought declaratory and injunctive relief against Margaret M. Heckler, former Secretary of the Department of Health and Human Services ("Secretary"),[1] alleging that the Social Security Administration's policy of postponing the calculation and payment of retroactive social security disability insurance benefits ("RSDI") until calculation and payment of supplemental security income benefits ("SSI") violates the Social Security Act ("SSA"), the Administrative Procedure Act ("APA"), and the Freedom of Information Act ("FOIA"). The District Court for the District of Minnesota, Diane E. Murphy, District Judge, certified the class defined as all persons residing in Minnesota whose applications for SSI and RSDI have been or will be adjudicated concurrently, and whose retroactive SSI benefits will be paid to the local welfare agency pursuant to an interim assistance agreement.

On motions for summary judgment, the court held that the Secretary's method of calculation violated the windfall offset provision of § 1127 of the SSA, 42 U.S.C. § 1320a–6 (1982), and that statute as amended by the Deficit Reduction Act of 1984, Pub.L. No. 98–369, § 2615, 6A U.S. Code Cong. & Ad. News (98 Stat.) 1132 (1984) *to be codified at* 42 U.S.C. § 1320a–6. The court also ruled that the Secretary's failure to follow rulemaking proce-

---

* The Hon. William H. Timbers, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

1. Otis R. Bowen, the successor to Margaret M. Heckler, has been substituted as the appellant in this case pursuant to Fed.R.App.P. 43(c)(2).

dures and to publish the calculation method in the Federal Register violated the APA and the FOIA. As to the class members, the court enjoined the Secretary from calculating retroactive SSI benefits prior to RSDI benefits in cases of concurrent applications for these benefits. As to appellee McKenzie individually, the court enjoined the Secretary from deducting SSI benefits paid to Hennepin County from appellee's retroactive RSDI award. The district court opinions are reported at 602 F.Supp. 1150 and 605 F.Supp. 1217.

For the reasons set forth more fully below, we reverse the judgment of the district court and vacate the injunction. We hold that, in cases of concurrent applications for RSDI and SSI benefits, the Secretary's policy of calculating and paying retroactive SSI benefits prior to retroactive RSDI benefits violates neither the original windfall offset provision of the SSA nor the statute as amended in 1984. We also hold that the Secretary's calculation method is an interpretive rule exempt from the rule-making requirements of the APA, 5 U.S.C. § 553 (1982), and that the district court erred in enjoining the Secretary's policy based on an alleged violation of the FOIA, 5 U.S.C. § 552 (1982).

### I.

The Secretary's policy challenged in this case arises in situations where a disabled person applies for both RSDI and SSI benefits. While awaiting a determination of eligibility for the benefits, the claimant receives interim assistance from a local welfare agency. The effect of the Secretary's policy is to reimburse the local welfare agency that provides interim assistance to a greater extent and, in some cases, to decrease the creditor-free retroactive benefits paid directly to the claimant. According to the Secretary, this method of calculating benefits prevents a windfall to the claimant in the form of duplicative SSI benefits and duplicative federal RSDI benefits and local welfare payments for the same time period.

The interrelationship of eligibility and benefits works as follows: To receive RSDI benefits, a claimant must be totally disabled and currently insured. To be currently insured, a claimant must have worked and contributed to the social security trust fund. Eligibility for RSDI benefits is not dependent on economic need. A claimant for SSI benefits need not have worked or contributed to a fund. Eligibility for SSI benefits is based on economic need. The disability test for SSI and RSDI benefits is the same. Thus a disabled person who has worked in the past and currently meets the needs test may be eligible for both forms of benefits. While awaiting a determination of eligibility for these benefits, a claimant may seek assistance from a local welfare agency. Typically, claimants sign an interim assistance agreement whereby the claimant authorizes the Social Security Administration to pay any retroactive SSI benefits to the local welfare agency if the claimant is eventually found eligible for SSI benefits. 42 U.S.C. § 1383(g) authorizes such reimbursements to the local agency in the form of SSI benefits but not RSDI benefits. The Secretary's policy is to postpone calculating and paying retroactive RSDI benefits until after retroactive SSI benefits are calculated and paid. Program Operations Manual System ("POMS"), §§ GNO2610.005 and GNO2610.045. Retroactive RSDI benefits are reduced by the retroactive SSI benefits which would not have been paid if the RSDI had been paid when due. The retroactive RSDI benefits are paid directly to the claimant.

Appellee McKenzie's initial application for federal disability benefits was denied. While she was pursuing the ineligibility determination through appeals, she received interim welfare assistance from Hennepin County. She also signed the interim assistance agreement under which Hennepin County would be reimbursed if appellee eventually was found eligible for SSI benefits and entitled to retroactive payments. Appellee eventually was found eligible and retroactive SSI benefits were paid to the local welfare agency as reim-

bursement. Appellee and class members do not contest the Secretary's authority to reimburse local welfare agencies. Rather, they assert that reducing the amount of retroactive RSDI benefits by the amount of retroactive SSI benefits which would not have been paid had the RSDI benefits been paid when due violates the SSA. Appellee challenges the Secretary's policy under the original windfall offset provision of 42 U.S.C. § 1320a–6. The class members challenge the calculation under the amended statute.

After discussing these claims under the SSA, we shall examine the asserted violations of the APA and FOIA.

## II.

■ The district court held that the original windfall offset provision of the SSA, 42 U.S.C. § 1320a–6, does not apply to concurrent claims for RSDI and SSI benefits.[2] The statute specifically provides that retroactive RSDI benefits (Title II benefits) shall be adjusted for SSI benefits previously paid for the same month. As the basis for its determination that the statute does not apply to concurrent applications, the court focused on the statute's reference to

a person who "makes application" for RSDI benefits and is "subsequently" determined eligible and "was" an individual with respect to whom SSI benefits were made. We disagree with the court's determination that the Secretary's method of calculating benefits in concurrent applications for benefits violates the statute. Although the statute is not altogether explicit in its offset of benefits formula, it certainly does not prohibit the calculation of SSI benefits first in concurrent applications.

The legislative history of the offset provision makes clear the intent of Congress to prevent windfalls of disability benefits. The Senate Report accompanying the original statute states:

"[A]n individual's entitlement under the two titles shall be considered as a totality so that payment under either program shall be deemed to be a payment under the other if that is subsequently found to be appropriate. Thus, if payment under title II [RSDI] is delayed so that a higher payment is made under title XVI, [SSI] the adjustment made in the case of any individual will only be the net difference in total payment.... Any appropriate reimbursement would also be

---

**2.** The original windfall offset statute (as obtuse as it strikes the author of this opinion) provides:

"**1320a–6. Adjustment of retroactive benefits under subchapter II on account of supplemental security income benefits**

Notwithstanding any other provision of this chapter, in any case where an individual—

(1) makes application for benefits under subchapter II of this chapter and is subsequently determined to be entitled to those benefits, and

(2) was an individual with respect to whom supplemental security income benefits were paid under subchapter XVI of this chapter (including State supplementary payments which were made under an agreement pursuant to section 1382e(a) of this title or an administration agreement under section 212 of Public Law 93–66) for one or more months during the period beginning with the first month for which a benefit described in paragraph (1) is payable and ending with the month before the first month in which such benefit is paid pursuant to the application referred to in paragraph (1),

the benefits (described in paragraph (1)) which are otherwise retroactively payable to

such individual for months in the period described in paragraph (2) shall be reduced by an amount equal to so much of such supplemental security income benefits (including State supplementary payments) described in paragraph (2) for such month or months as would not have been paid with respect to such individual or his eligible spouse if the individual had received the benefits under subchapter II of this chapter at the times they were regularly due during such period rather than retroactively; and from the amount of such reduction the Secretary shall reimburse the State on behalf of which such supplementary payments were made for the amount (if any) by which such State's expenditures on account of such supplementary payments for the period involved exceeded the expenditures which the State would have made (for such period) if the individual had received the benefits under subchapter II of this chapter at the times they were regularly due during such period rather than retroactively. An amount equal to the portion of such reduction remaining after reimbursement of the State under the preceding sentence shall be covered [sic] into the general fund of the Treasury."

made to the States where State supplementary benefits are involved."

S.Rep. No. 408, 98th Cong. 2d Sess. 78 (1980), *reprinted in* 1980 U.S. Code Cong. & Ad. News 1277, 1356.

In addition to its apparent disregard of this congressional intent to prevent windfalls, the court relied on a series of cases which examined the interplay of benefits for purposes of calculating attorney's fees.[3] *See Carlisi v. Secretary of Health and Human Services,* 583 F.Supp. 135 (E.D.Mich.1984); *Booe v. Heckler,* No. IP 81–826–C (S.D.Ind. Jan. 23, 1984); *Burnett v. Secretary of Health and Human Services,* 563 F.Supp. 789 (W.D.Ark.1983). On appeal, however, we reversed *Burnett,* holding that the amount of retroactive benefits payable, for purposes of awarding attorney's fees, is the amount of RSDI benefits reduced by the SSI windfall or the net amount of disability benefits. *Burnett v. Secretary of Health and Human Services,* 756 F.2d 621 (8th Cir.1985). Although the issue of the Secretary's policy as it applied to calculating benefits was not before us in *Burnett,* we noted with approval the Secretary's policy of postponing calculation of RSDI benefits. *Id.* at 627–28 & n. 4.[4]

Our decision that the Secretary's policy of first calculating retroactive SSI benefits in cases of concurrent application does not violate the original windfall offset provision is supported by other courts which have addressed this particular claim.

In *Gallo v. Heckler,* 600 F.Supp. 1513 (E.D.N.Y.1985), the court determined that the proper method for calculating retroac-

tive SSI and RSDI benefits was first to pay SSI benefits, thereby permitting an adjustment for local interim assistance, and then to calculate the appropriate RSDI benefits after the SSI benefits adjustment.

In *Lindsay v. Secretary of Health and Human Services,* 612 F.Supp. 366 (D.N.J. 1985), in rejecting the claim that 42 U.S.C. § 1320a–6 and the anti-alienation provision of the SSA, 42 U.S.C. § 407, barred calculation of SSI benefits first in cases of concurrent applications, the court also upheld the Secretary's policy. The *Lindsay* court also focused on the clear intent to prevent windfalls, to prevent a claimant from receiving a greater amount in past due benefits than if the benefits had been paid when due, and the unfairness to local welfare agencies that provide interim assistance that would otherwise result. *Id.* at 368. *See also Strong v. Secretary of Health and Human Services,* No. 83–CV–7177–BC (E.D. Mich. Nov. 13, 1985) (adopting magistrate's determination upholding Secretary's policy in cases of concurrent applications for SSI and RSDI benefits).

In short, we believe that congressional intent and case law support our holding that the original windfall offset provision of the SSA applies where retroactive RSDI and SSI benefits are determined concurrently.

The district court ruled upon the class members' claims under the windfall offset statute as amended by the Deficit Reduction Act of 1984, Pub.L. No. 98–369, § 2615, 6A U.S. Code Cong. & Ad. News (98 Stat.) 1132 (1984) *to be codified at* 42 U.S.C. § 1320a–6.[5] The statute clearly ap-

---

**3.** 42 U.S.C. § 406(b) allows attorney's fees to a maximum of twenty-five percent of past due RSDI benefits for successful claimants.

**4.** After the *Burnett* decision in our Court, the district court issued a Supplemental Order in the instant case, 605 F.Supp. 1217, noting that such approval was only dicta and reiterating its determination that the Secretary's policy violated the APA and FOIA.

**5.** The *amended* statute (to be distinguished from the *original* windfall offset statute set forth in note 2 *supra* ) provides:

**"§ 1320a–6. Adjustments in SSI benefits on account of retroactive benefits under subchapter II**

(a) Notwithstanding any other provision of this chapter, in any case where an individual—

(1) is entitled to benefits under subchapter II of this chapter that were not paid in the months in which they were regularly due; and

(2) is an individual or eligible spouse eligible for supplemental security income benefits for one or more months in which the benefits referred to in clause (1) were regularly due,

plies to concurrent adjudications of RSDI and SSI benefits. The statute, however, is silent as to whether RSDI benefits must be calculated first. But here, too, the congressional intent underlying the amended statute is clear. Congress intended to prevent windfalls and did not draw distinctions between the desire to reimburse local welfare agencies in the case where a person who received interim assistance once contributed to the social security fund and the case where a disabled person never so contributed. While former employment and contributions to the social security fund are prerequisites to receipt of RSDI benefits, nothing suggests that Congress intended to reimburse to a lesser extent the local welfare agencies that provide interim assistance where the claimant currently meets the welfare assistance needs test. The windfall which concerned Congress relates both to offsetting retroactive RSDI and SSI benefits and to offsetting these federal disability benefits and local welfare assistance. *Gallo v. Heckler, supra,* 600 F.Supp. at 1519; *Lindsay v. Secretary of Health and Human Services, supra,* 612 F.Supp. at 368.

As Congress stated in amending 42 U.S.C. § 1320a–6 to allow the adjustment of disability benefits in additional situations:

> "(1) in the case where retroactive [RSDI] benefits are paid before the SSI benefits, but for the same period, the retroactive SSI amount otherwise payable would be reduced by the amount that would not have been paid had [RSDI] been paid when regularly due. . . ."

The conference agreement followed the Senate amendment. H.R.Conf.Rep. No. 861, 98th Cong. 2d Sess. 1391,.*reprinted in* 1984 U.S. Code Cong. & Ad. News 1445, 2079.

Despite the congressional intent to prevent windfalls, the class members assert that the Secretary's method of calculating benefits violates the anti-alienation provision of the SSA, 42 U.S.C. § 407.[6] This statute exempts RSDI benefits from the claims of creditors. Following the Supreme Court's decision in *Philpott v. Essex County Welfare Board,* 409 U.S. 413 (1973), where the Court ruled that creditors included state welfare agencies, Congress authorized the Secretary to pay SSI benefits directly to the state welfare agencies as reimbursement for interim assistance. 42 U.S.C. § 1383(g). The class members assert that the Secretary's method of calcu-

---

then any benefits under subchapter II of this chapter that were regularly due in such month or months, or supplemental security income benefits for such month or months, which are due but have not been paid to such individual or eligible spouse shall be reduced by an amount equal to so much of the supplemental security income benefits, whether or not paid retroactively, as would not have been paid or would not be paid with respect to such individual or spouse if he had received such benefits under subchapter II of this chapter in the month or months in which they were regularly due.

(b) For purposes of this section, the term "supplemental security income benefits" means benefits paid or payable by the Secretary under subchapter XVI of this chapter, including state supplementary payments under an agreement pursuant to section 1382e(a) of this title or an administration agreement under section 212(b) of Public Law 93–66.

(c) From the amount of the reduction made under subsection (a) of this section, the Secre-

tary shall reimburse the State on behalf of which supplementary payments were made for the amount (if any) by which such State's expenditures on account of such supplementary payments for the month or months involved exceeded the expenditures which the State would have made (for such month or months) if the individual had received the benefits under subchapter II of this chapter at the times they were regularly due. An amount equal to the portion of such reduction remaining after reimbursement of the State under the preceding sentence shall be covered [sic] into the general fund of the Treasury."

**6.** 42 U.S.C. § 407 provides:

"The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

**1222**

lating past due SSI benefits first transforms RSDI benefits into SSI benefits. These SSI benefits are then paid to the state when, according to appellees, they should be creditor-free payments under § 407.

We do not agree that first calculating retroactive SSI benefits violates § 407. The anti-alienation provision does not delineate the method or order of calculating benefits. The statute merely provides that Title II benefits (RSDI), whenever computed, may not be assigned. *Accord, Lindsay v. Secretary of Health and Human Services, supra,* 612 F.Supp. at 368. We hold that there is no conflict between § 407 and the Secretary's determination that, to fulfill the intent of Congress, retroactive SSI benefits should be calculated first and, where appropriate, used fully or partially to reimburse the state welfare agency that provided interim assistance.

### III.

The Secretary published the method for calculating retroactive benefits in the Program Operations Manual. The district court held that the failure to follow the rulemaking procedures providing for notice and comment violated the APA, 5 U.S.C. § 553, and the failure to publish the method for calculating benefits violated the FOIA, 5 U.S.C. § 552. The court stated that these alleged violations applied to appellee McKenzie's claim under the original statute and to the class members' claims under the amended statute. *See* Supplemental Order, 605 F.Supp. at 1220.

Aside from the absence of a clear showing in the record or briefs in this Court that any claimants were prejudiced by the failure to follow formal rulemaking procedures and to publish in the Federal Register, we hold that there was neither a violation of the APA nor of the FOIA in this case.

The APA, 5 U.S.C. § 553, provides a number of exemptions from the formal rulemaking procedure. Having waived the exemption under § 553(a)(2) for matters relating to grants and benefits in 1971, the Secretary may not be able to rely upon this exemption. *See Humana of South Carolina v. Califano,* 590 F.2d 1070, 1080 n. 104 (D.C.Cir.1978).

Section 553(b)(A), however, exempts "interpretive rules" from the rulemaking requirements of the APA. An interpretive rule, as distinguished from a substantive or legislative rule, clarifies or explains existing law or regulations. *American Bancorporation, Inc. v. Board of Governors,* 509 F.2d 29, 33 (8th Cir. 1974); *Powderly v. Schweiker,* 704 F.2d 1092, 1098 (9th Cir.1983); *Anderson v. Butz,* 550 F.2d 459, 463 (9th Cir.1977). Interpretive rules may include an administrative construction of a statutory provision on a question of law reviewable in the courts. *Herron v. Heckler,* 576 F.Supp. 218 (N.D.Cal.1983), *citing Pickus v. United States Board of Parole,* 507 F.2d 1107, 1113 (D.C.Cir.1973). The Secretary's determination that retroactive SSI benefits should be calculated first was a construction of the windfall offset statute that, as we have held, comported with the intent of Congress. The Secretary, in this case, was not filling in gaps in a statute which granted the agency broad discretion to carry out policy.

Nor do we find that failure to publish in the Federal Register warrants the injunction which the district court imposed. Here, again, the Secretary's clarification of the windfall offset statute and the implementation of congressional intent did not create rights or change existing law warranting publication. *See, e.g., Anderson v. Butz, supra,* 550 F.2d at 463; *Cabais v. Egger,* 690 F.2d 234 (D.C.Cir.1983); *British Caledonian Airways, Ltd. v. CAB,* 584 F.2d 982 (D.C.Cir.1978). The Secretary issued interpretive guidelines carrying out the intent of Congress which were available for copying and inspection in the Pro-

gram Operations Manual. We cannot say that failure to publish in the Federal Register should automatically invalidate the Secretary's calculation of disability benefits in this case. *See Welch v. United States,* 750 F.2d 1101, 1111 (1st Cir.1985); *Donovan v. Wallaston Alloys, Inc.,* 695 F.2d 1, 9 (1st Cir.1985); *Cf. Cabais v. Egger, supra,* 690 F.2d at 239.

## IV.

To summarize: The Secretary's method of first calculating and paying retroactive SSI benefits and postponing calculation of RSDI benefits carries out the need and intent to reimburse local welfare agencies that provide interim assistance, and the prevention of windfalls to claimants as Congress intended. As for appellee McKenzie's claim under the original windfall offset statute, 42 U.S.C. § 1320a–6, we hold that the statute applies to concurrent applications for SSI and RSDI benefits. We reject the class members' assertion that the amended windfall offset statute conflicts with the anti-alienation provision of the SSA, 42 U.S.C. § 407. Finally, we hold that the Secretary's failure to follow the formal rulemaking requirements and to publish in the Federal Register did not violate the APA or the FOIA.

We reverse the judgment of the district court and vacate the injunction.

Reversed and vacated.