804 F.2d 103
 15 Soc.Sec.Rep.Ser. 306, Unempl.Ins.Rep. CCH 17,052
Linda D. FRANCIS, Appellee,
v.
Otis R. BOWEN, Secretary of the United States Department of
Health and Human Services, Appellant.
 No. 86-5125.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Aug. 29, 1986.
Decided Sept. 30, 1986.
 
 Mary G. Grau, Minneapolis, Mn. for appellant.
 Carol B. Swanson, Asst. U.S. Atty., Minneapolis, Minn., William Kanter and Michael Kimmel, U.S. Dept. of Justice, Washington, D.C. for appellee.
 Before HEANEY, WOLLMAN and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Secretary of Health and Human Services appeals from a final decision of the district court granting summary judgment to appellee, Linda D. Francis, on her claim that the Secretary had improperly computed her past benefits.
 
 
 2
 The district court referred Francis' claim to a magistrate pursuant to 28 U.S.C. Sec. 636(b)(1)(B). The magistrate recommended that judgment be entered for Francis. The Secretary failed to object to the magistrate's report despite clear warning from the magistrate that to do so would bar his right to appeal the district court's decision.[1] Accordingly, the district court entered summary judgment for Francis on the basis of the magistrate's recommendation.
 
 
 3
 On appeal, the Secretary argues, alternatively, that he is not barred from review because (1) there is no "waiver" rule to be found in either the Eighth Circuit's decisions or the local rules, and (2) even if such a rule exists, the facts of this case justify excusing his failure to object. Finally, the Secretary argues that the merits are controlled by McKenzie v. Bowen, 787 F.2d 1216 (8th Cir.1986), which was resolved in his favor. We reverse and remand for entry of judgment in favor of the Secretary.
 
 
 4
 In 1968, Congress enacted the Federal Magistrate's Act, 28 U.S.C. Secs. 631-639, "to cull from the ever-growing workload of the U.S. district courts matters that are more desirably performed by a lower tier of judicial officers." H.R. 1629, 90th Cong., 2d Sess. Sec. 12, reprinted in 1968 U.S.Code Cong. & Ad.News 4252, 4255. In 1976, Congress amended Sec. 101 of the Act. The amendment permits the United States district court judges to refer dispositive pretrial motions and petitions for writs of habeas corpus to a magistrate. Pub.L. 94-577, 90 Stat. 2729. Upon referral, the magistrate conducts appropriate proceedings and recommends dispositions. Id. Parties disagreeing with the magistrate's recommendation may then "serve and file written objections" to the report in order to obtain a de novo review by the district court judge. 28 U.S.C. Sec. 636(b)(1)(C). The Act allows ten days for the filing of these objections with the district court judge. Id. The language of the statute does not, however, indicate that failure to object to a magistrate's recommendation will be an absolute bar to appeal from the district court's decision. Lorin Corp. v. Goto & Co., 700 F.2d 1202, 1206 (8th Cir.1983). See also Messimer v. Lockhart, 702 F.2d 729, 730-31 (8th Cir.1983).
 
 
 5
 In Thomas v. Arn, --- U.S. ---, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), the Supreme Court held that the courts of appeals may adopt a rule conditioning an appeal from a district court's judgment adopting a magistrate's recommendation upon the filing of objections with the district court identifying those issues on which further review is desired.
 
 
 6
 In Nash v. Black, 781 F.2d 665, 667 (8th Cir.1986), we summarized our holdings in Lorin Corp. and Messimer, supra:
 
 
 7
 [A] plaintiff has not waived his right to appeal by failing to object when the questions involved are questions of law or mixed questions of law and fact, or when neither the local court rule nor the magistrate's notice has clearly informed the plaintiff that failure to object to the magistrate's report will result in waiver of the right to appeal.
 
 
 8
 Because Francis' case involves only a question of law, we hold that the Secretary's appeal should proceed.[2]
 
 
 9
 Both parties now agree that the Eighth Circuit's recent decision in McKenzie v. Bowen, supra, controls the outcome of this case. Francis offers no arguments to counter the Secretary's contention that McKenzie resolves the issues in his favor. Accordingly, we reverse the judgment and remand the case to the district court with directions to enter judgment in favor of the Secretary.
 
 
 
 [1]
 The following language appeared in the magistrate's recommended order following her signature: "Failure to comply with this provision shall operate as a forfeiture of the objecting party's right to seek review in the court of appeals
 
 
 [2]
 The Supreme Court in Thomas found no distinction between failure to object to rulings of law or those of fact. The Court rejected Thomas' contention that the obligatory filings of objections extended only to findings of fact, holding that "the plain language of the Act recognizes no such distinction between questions of law or fact." Id
 The Court in Thomas held, however, only that the Sixth Circuit's rule was not prohibited by the Act. Thomas, 106 S.Ct. at 472. The question whether the Act mandated such a procedural bar was left open. Id. Thus, it appears that the courts of appeals are free to adopt their own supervisory rules. The law/fact distinction, reaffirmed in Nash, is therefore not inconsistent with Thomas.