835 F.2d 974
 20 Soc.Sec.Rep.Ser. 132, Unempl.Ins.Rep. CCH 17,923
William R. WHITE, Madeleine Hyman, Juan Rosario, Martha
Bess, Ramon Valle, and Constance Miraglia, individually and
on behalf of all others similarly situated; Carolyn Clee,
Sharon Grant, sole heirs of Harold Johnson, deceased; and
George Ortega, Plaintiffs-Appellants,
v.
Otis R. BOWEN, M.D., Secretary of Health and Human Services,
Defendant- Appellee.
 No. 60, Docket 87-6107.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 8, 1987.
Decided Dec. 18, 1987.
 
 Nancy Morawetz, New York City (John E. Kirklin, The Legal Aid Society, Stephen Loffredo, Washington Square Legal Services, New York City, and Joy Blumkin, Westchester Legal Services, Inc., White Plains, N.Y., of counsel), for plaintiffs-appellants.
 Donna H. Lieberman, Sp. Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., Nancy Kilson, Asst. U.S. Atty., Annette H. Blum, Chief Counsel--Region II, David Engel, Asst. Regional Counsel, Dept. of Health and Human Services, of counsel), for defendant-appellee.
 Before KAUFMAN and ALTIMARI, Circuit Judges, and TENNEY, District Judge.*
 ALTIMARI, Circuit Judge:
 
 
 1
 A class of disabled workers who were found eligible for Old-Age, Survivors, and Disability Insurance ("OASDI") benefits under Title II of the Social Security Act of 1935, as amended (the "Act"), 42 U.S.C. Sec. 401 et seq., and for Supplemental Security Income ("SSI") benefits under Title XVI of the 1972 amendments to the Act, 42 U.S.C. Sec. 1381 et seq., appeal from the dismissal of their complaint against defendant-appellee Dr. Otis R. Bowen, Secretary of the Department of Health and Human Services (the "Secretary"), in which they alleged that the Secretary's method of calculating retroactive OASDI and SSI benefits violates the Act. The United States District Court for the Southern District of New York (Carter, J.) certified the class and defined it to include "all persons residing in New York State who concurrently applied for, or were concurrently determined eligible for," OASDI and SSI benefits, and whose retroactive OASDI benefits "were or will be reduced" because the Secretary "has paid or will pay to a local social services agency an amount alleged to be [a portion of] the ... recipient's retroactive SSI benefits" as reimbursement to that agency for interim welfare assistance. White v. Heckler, 108 F.R.D. 85, 86 (S.D.N.Y.1985).
 
 
 2
 In granting the Secretary's motion for judgment on the pleadings, the district court held, 636 F.Supp. 1235 (S.D.N.Y.1986), that the Secretary's practice is not inconsistent with the language and legislative history of both the original windfall offset provision of the Act, 42 U.S.C. Sec. 1320a-6 (1982), and such provision as amended by the Deficit Reduction Act of 1984, Pub.L. No. 98-369, Sec. 2615, 1984 U.S.Code Cong. & Admin.News (98 Stat.) 1132 (codified at 42 U.S.C. Sec. 1320a-6 (Supp. III 1985)). The district court also held that the Secretary's policy of calculating retroactive SSI benefits first in order to ensure the availability of a source of funds for reimbursement to state and local social services agencies does not violate 42 U.S.C. Sec. 407 (Supp. III 1985), which provides in effect that retroactive SSI benefits, but not retroactive OASDI benefits, may be used to reimburse such agencies for interim welfare assistance.
 
 
 3
 After the district court entered judgment in favor of the Secretary, plaintiffs-appellants moved to amend the class pursuant to Fed.R.Civ.P. 59 on the basis of newly discovered evidence. The district court noted that the evidence offered by plaintiffs in support of their motion merely reiterated material that had already been considered by the court when it dismissed the complaint, and consequently denied the motion to open the judgment. 116 F.R.D. 12 (S.D.N.Y.1987). For the reasons discussed below, we affirm.
 
 I. Statutory Framework
 
 4
 The Act provides eligible disabled workers with benefits under the OASDI and SSI programs. A disabled worker often will qualify for both programs--and, indeed, is encouraged to submit applications for both types of benefits. The OASDI program requires that applicants meet the insurance coverage requirements of that program, which depends upon prior employment. The SSI program contains the same disability requirement as the OASDI program, but the SSI program does not depend on insurance coverage for purposes of determining eligibility. Rather, SSI benefits are paid solely on the basis of economic need. If an individual currently is eligible for benefits under both programs, SSI payments are reduced or eliminated entirely because OASDI benefits constitute countable income under the SSI program. Adjustment in prospective SSI benefits to offset for the payment of OASDI benefits is done automatically to avoid a windfall recovery of SSI benefits and thereby ensure that SSI benefits are paid only to those recipients who are in need.
 
 
 5
 Appellants do not challenge this offset of prospective OASDI and SSI benefits. The issue on this appeal concerns the offset of retroactive OASDI and SSI benefits. After a disabled worker applies for benefits under both programs, there is normally a period of time during which the applicant is awaiting a determination by the Secretary regarding eligibility. Once the Secretary makes an affirmative determination of eligibility, the applicant is entitled to an award of OASDI and SSI benefits retroactive to the date of the initial application.
 
 
 6
 While awaiting a determination of eligibility for federal benefits, members of the plaintiff class received interim welfare assistance from New York State. New York, like other states, provides such interim assistance on the expectation that it will be reimbursed by the Secretary from the recipient's retroactive SSI award. Claimants of state benefits typically sign a form which authorizes the Secretary to withhold from an eligible recipient's retroactive SSI award an amount sufficient to reimburse the state or local welfare agency for providing interim benefits. Under the Act, only retroactive SSI benefits, and not OASDI benefits, can be assigned to creditors such as New York State. See 42 U.S.C. Sec. 1383(g) (1982); id. Sec. 407 (Supp. III 1985) (creditor anti-assignment provision).
 
 II. Challenged Procedure
 
 7
 Through an accounting maneuver, the Secretary has managed to avoid a windfall in federal and state benefits by calculating retroactive SSI benefits first as if a disabled claimant were not eligible for OASDI benefits. By calculating retroactive benefits in this manner, a comparatively large amount of the total package of federal benefits is denominated as SSI while a comparatively small amount is denominated as OASDI. The Secretary then deducts from the comparatively large SSI award an amount sufficient to reimburse the state or local welfare agency for the interim assistance that it provided while the claimant was awaiting a determination of eligibility for federal benefits. If the Secretary calculates federal benefits in this way, the offset between retroactive OASDI and SSI benefits is such that the retroactive SSI award is sufficient in most cases to allow the Secretary to reimburse the states for interim welfare assistance. If, on the other hand, the Secretary were to calculate retroactive OASDI benefits first--as appellants contend the Act requires--then the retroactive SSI award generally would not be sufficient to fully reimburse the states for such assistance, and a windfall would result in favor of the claimant.[1]
 
 
 8
 Appellants are claiming that because the Secretary's policy of calculating SSI benefits first violates the Act, they are entitled to the windfall that results when their federal retroactive benefits are not fully offset by the amount of interim assistance paid to them by, in this case, New York State.
 
 III. Discussion
 
 9
 This case involves the interplay of three separate, but interrelated, programs: the OASDI program, the SSI program and the New York State interim assistance program. Appellants contend that the manner in which the Secretary exercises his authority in coordinating these three programs violates the anti-windfall provision, as originally enacted and as amended, and 42 U.S.C. Sec. 407 which bars assignment of OASDI benefits to creditors. Reduced to its most essential elements, appellants' argument is that they have a right to have their retroactive benefits calculated in the same order as their prospective benefits.
 
 A. Section 1320a-6
 
 10
 We begin with the windfall offset provision itself. Appellants argue first that the original anti-windfall statute is inapposite to class members since the former section 1320a-6 cannot be applied to concurrent claims for benefits. The 1980 version of section 1320a-6 provides that, when a claimant applied for OASDI benefits and "was" an individual for whom SSI benefits "were paid ... for" one or more months during which he was entitled to OASDI benefits, the Secretary is authorized to reduce retroactive OASDI benefits by that portion of SSI benefits "as would not have been paid" for that period had the OASDI benefits been received when due. See 42 U.S.C. Sec. 1320a-6 (1982) (emphasis added). Appellants argue that the words "were paid" provide conclusive evidence that Congress intended this section to apply only to those persons who actually had received SSI benefits, i.e., not concurrent claimants. In rejecting this argument, the district court observed that the 1980 statute referred to payments "for" one or more months rather than "in" those months, suggesting that Congress intended section 1320a-6 to apply whenever retroactive SSI benefits were paid prior to retroactive OASDI benefits, and did not mean to exclude concurrent claims for benefits.
 
 
 11
 We agree with appellants that the language of the statute is ambiguous and that Congress designed this provision to prevent the Secretary from paying retroactive OASDI benefits to persons who already had received SSI benefits during the retroactive period.[2] However, we must concern ourselves principally with what Congress said, and for this reason we conclude, as did the district court, that the Secretary's application of the statutory language to concurrent claims for benefits was entirely reasonable. We note also that two other courts have considered this precise issue and have reached the same conclusion. See McKenzie v. Bowen, 787 F.2d 1216 (8th Cir.1986) (Timbers, J., sitting by designation); Gallo v. Heckler, 600 F.Supp. 1513 (E.D.N.Y.1985).
 
 
 12
 As for the amended version of section 1320a-6, Congress explicitly addressed the situation at issue here by making the windfall offset provision applicable "whether or not [SSI benefits are] paid retroactively." In addition to expressly covering concurrent applications for benefits, the amended statute also provides the Secretary with the option of reducing retroactive SSI benefits in lieu of retroactive OASDI benefits. However, the amended section 1320a-6 in no way precludes the Secretary from continuing its policy of calculating retroactive SSI benefits prior to retroactive OASDI benefits. We therefore agree with the district court that the practice challenged here does not violate either the original or amended versions of section 1320a-6. See 636 F.Supp. at 1239.
 
 B. Section 407
 
 13
 Appellants' next argue that the Act bars the Secretary from calculating retroactive SSI benefits first. Under the Act, OASDI benefits enjoy protection from creditors, including the states. Section 407 prohibits the assignment of benefits to any creditor unless Congress expressly provides otherwise. Congress has authorized the Secretary to pay SSI benefits directly to state welfare agencies as reimbursement for interim assistance, see 42 U.S.C. Sec. 1383(g), but no such similar provision exists regarding the assignment of OASDI benefits.
 
 
 14
 According to appellants, the Secretary is transforming OASDI benefits into SSI benefits in order to circumvent section 407's prohibition against assignment of OASDI benefits to creditors. This argument presupposes, of course, that the Act requires a particular order of benefit calculation. As other courts have recognized, there simply is no clear statutory guidance on how to decide which retroactive benefits are to be calculated first. See McKenzie, 787 F.2d at 1221; Gallo, 600 F.Supp. at 1518; see also Lindsay v. Secretary of Health and Human Services, 612 F.Supp. 366, 368 (D.N.J.1985). What is clear, however, is Congress' intent to prevent windfalls of benefits--whether by offsetting retroactive OASDI and SSI benefits or by offsetting federal benefits and state welfare assistance benefits. See McKenzie, 787 F.2d at 1221; Gallo, 600 F.Supp. at 1519.
 
 
 15
 The Senate Report to the original section 1320a-6 states that
 
 
 16
 an individual's entitlement under [the OASDI and SSI programs] shall be considered as a totality so that payment under either program shall be deemed payment under the other if that is subsequently found to be appropriate. (emphasis added).
 
 
 17
 S.Rep. No. 408, 96th Cong., 2d Sess. 78, reprinted in 1980 U.S.Code Cong. & Admin.News 1277, 1356; accord H.R.Rep. No. 861, 98th Cong., 2d Sess. 1391, reprinted in 1984 U.S.Code Cong. & Admin. News 697, 1445, 2079 (reiterating that section 1320a-6, as amended, is "aimed at ensuring that an individual's entitlement under [both] programs [does] not result in windfall benefits"). While Judge Carter determined that the legislative history does not distinguish between federal or state windfalls, 636 F.Supp. at 1240, he also observed that the Secretary's policy of preventing windfalls, whether they be federal or state, is consistent with the overall framework of the Act "which contemplates shared federal and state responsibility for funding and administering benefits programs." Id. We agree.
 
 
 18
 Section 407 does not require any particular order in calculating benefits. It merely provides that OASDI benefits, "whenever computed, may not be assigned." McKenzie, 787 F.2d at 1222. In other words, there is no right under section 407 to have retroactive OASDI benefits calculated prior to retroactive SSI benefits. Although prospective benefits are determined in this manner, requiring that retroactive benefits be calculated in the same way would defeat the intent of Congress that a claimant receive no more in retroactive benefits than he would have received had those benefits been paid prospectively. Moreover, the Secretary's practice of making the SSI calculation first assures a source of reimbursement to state welfare agencies. Wheeler v. Heckler, 787 F.2d 101, 107 (3d Cir.1986). Appellants would have the Secretary calculate retroactive OASDI benefits with the result that the total federal and state benefit package would contain a windfall in favor of appellants. We believe that the Secretary's approach in eliminating this windfall constitutes a proper exercise of his discretion and represents a reasonable means of coordinating the OASDI, SSI, and state interim assistance programs. Cf. Heckler v. Campbell, 461 U.S. 458, 466, 103 S.Ct. 1952, 1956, 76 L.Ed.2d 66 (1983) (Secretary's interpretation of provisions of the Act may not be disturbed by court unless either arbitrary and capricious or outside Secretary's statutory authority).
 
 
 19
 C. Rule 59 Motion.
 
 
 20
 Finally, we find no error in the district court's denial of plaintiffs' motion to amend the class after the entry of judgment on the basis of newly discovered evidence. The alleged "new evidence" consisted of testimony by a Social Security Administration official that the order in which retroactive benefits are calculated is left to "sheer chance." Plaintiffs sought to redefine the class to include only those claimants "who were subject to defendant's ... practice of intentionally delaying payment of retroactive Title II [OASDI] benefits until after computation and payment of retroactive Title XVI [SSI] benefits." (emphasis added). As the district court correctly concluded, the alleged "new evidence" was not "new" at all, since the testimony of the Social Security Administration official was available three weeks prior to the district court's decision on the merits. Moreover, whether or not the evidence was in fact "new," the district court properly recognized the anomaly of plaintiffs' argument that a determination by the court allowing the Secretary to calculate retroactive SSI benefits first means that he must do so in all cases.[3] On the contrary, as the district court specifically held, appellants have no right to a particular order of benefit calculation because section 1320a-6 authorizes the Secretary to offset either retroactive OASDI or retroactive SSI benefits. In any event, we agree with the district court that the alleged "new evidence" only confirmed the existence of a practice which the Secretary claimed the power to implement and which the court in its prior order already had upheld.
 
 CONCLUSION
 
 21
 The Secretary's practice of calculating retroactive SSI benefits prior to calculating OASDI benefits is consistent with the language and legislative history of the antiwindfall provision, as originally enacted and as amended, to eliminate windfalls in connection with federal and state disability benefits. The Secretary's policy ensures that an individual claimant receives no more in retroactive benefits then he would have received in prospective benefits. While we can understand appellants' frustration in not knowing precisely how, in any given case, the Secretary goes about calculating and offsetting retroactive benefits, we cannot say that the Secretary's methods are unreasonable.
 
 
 22
 We also reject the class members' contention that the Secretary's procedure in eliminating windfalls conflicts with the anti-assignment provision of the Act. A state's willingness to provide interim assistance largely depends on the Secretary's ability to reimburse it from the retroactive SSI award. Since section 407 by its terms does not prevent the Secretary from inflating a retroactive SSI award in order to fully reimburse, in this case, New York State for providing welfare benefits, we hold that the challenged procedure is a permissible means of achieving the desirable goal of ensuring that states like New York continue to provide interim assistance while a disabled claimant is awaiting federal benefits.
 
 
 23
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Charles H. Tenney, Senior Judge, United States District Court for the Southern District of New York, sitting by designation
 
 
 [1]
 The following example provided by another court to consider this convoluted issue may prove helpful:
 Suppose the Title II [OASDI] benefits are computed first. Let's say the past-due amount under Title II is $30,000. The claimant gets all of this, since under Sec. 407, these benefits are nonassignable. Then, the Title XVI [SSI] benefits are calculated, and are found to total $5,000. In the meantime, state welfare has paid out $15,000. The entire $5,000 is paid to the welfare department. But if Title II benefits are paid first, as in this hypothetical, the welfare department is out of pocket $10,000, and the claimant, who was only entitled to $35,000, is "in pocket" $45,000 (15 + 30).
 Now let's suppose the Title XVI [SSI] benefits are computed first.... [B]ecause Title II [OASDI] "income" is not figured into the needs equation, Title XVI benefits will be much higher--let's say $25,000. The [Secretary] will pay the welfare department $15,000, pursuant to Sec. 1383(g), and remit the rest to the claimant: $10,000. Now, in calculating Title II benefits, the [Secretary] will offset the amounts paid under Title XVI that would not have been paid had Title II been computed first. So, having already received $25,000 in payments (15 + 10), and being entitled to $35,000, the [Secretary] will only remit to the claimant an additional $10,000. In this example, then, the [Secretary] pays out the same $35,000. But the welfare department is totally reimbursed for an amount it would not have had to pay had claimant originally been deemed disabled, and the claimant gets $10,000 less.
 The question presented ... is which method of computation the [Secretary] should use when eligibility for both types of benefits is determined concurrently. Predictably, the claimant says that Title II benefits should be computed first. The [Secretary] takes the contrary position.
 Lindsay v. Secretary of Health and Human Services, 612 F.Supp. 366, 367 (D.N.J.1985).
 
 
 [2]
 Prior to the enactment of the original windfall offset provision, Social Security recipients who were found eligible under both programs received a windfall in payments because retroactive OASDI benefits were received in a lump sum. When that lump-sum OASDI payment was received, the SSI payment for that month, but only that month, was adjusted. Consequently, there was no adjustment in SSI benefits for the other retroactive months. The net result was a windfall in SSI benefits since claimants were allowed to collect more in retroactive payments than they would have received had the payments been made prospectively
 In 1980, Congress sought to remedy this windfall by enacting section 1320a-6. The original anti-windfall provision provided that an adjustment to retroactive OASDI benefits be made to account for an inflated retroactive SSI award. That is, retroactive OASDI benefits are reduced by an amount equal to that portion of retroactive SSI benefits that would not have been disbursed had the monthly OASDI payments been made prospectively. Section 1320a-6 thus removed the windfall of federal benefits when retroactive SSI benefits were calculated without taking into account a subsequent award of retroactive OASDI benefits. Section 1320a-6 was amended in 1984 to provide an analogous adjustment feature, not at issue here, to defeat a windfall of federal benefits when a retroactive OASDI award is made prior to a retroactive SSI award.
 
 
 [3]
 As the Secretary observed in his brief, appellants' arguments in support of their Rule 59 motion seem to "flirt" with an equal protection challenge to the Secretary's policy at issue here. Because this question was never squarely raised in the district court or presented in this appeal, we express no opinion on the merits of such a challenge